**Gilbert ESPINOZA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–91–526–CR.**

Court of Appeals of Texas,
Austin.

Dec. 9, 1992.

Rehearing Overruled Jan. 13, 1993.

Robert Icenhauer–Remirez, Icenhauer–Ramirez & Hubner, P.C., Austin, for appellant.

Ronald Earle, Dist. Atty., Dayna Blazey Baird, Asst. Dist. Atty., Austin, for appellee.

Before CARROLL, C.J., and JONES and KIDD, JJ.

JONES, Justice.

A jury convicted Gilbert Espinoza, appellant, of sexual assault and assessed punishment, enhanced by two prior felony convictions, at life imprisonment. *See* Act of May 29, 1983, 68th Leg., R.S., ch. 977, § 3, 1983 Tex.Gen.Laws 5311, 5312–15 (Tex.Penal Code Ann. § 22.011, since amended). On appeal, appellant asserts, first, that the prosecutor impermissibly commented on appellant's failure to testify and, second, that the trial court erred in admitting evidence of a prior conviction during the punishment phase of the trial. We will affirm the conviction.

Because of the nature of the points of error asserted by appellant, only an abbreviated statement of the facts is necessary. The complainant was a thirty-year-old Austin woman. The assault occurred at the complainant's house during the evening in April 1991. The complainant had been introduced to appellant earlier in the day at a neighbor's house. Appellant entered the complainant's residence through a kitchen window. When she demanded that he leave, he wrestled her to the floor, threatened her, and raped her. The only persons in the house at the time were appellant, the complainant, and the complainant's young son, who was asleep in his bedroom. Thus, the only witnesses to the crime were appellant and the complainant. The complainant testified, but appellant did not.

## COMMENT ON APPELLANT'S FAILURE TO TESTIFY

In his first point of error, appellant contends that two portions of the prosecutor's argument constituted comments on appellant's failure to testify. During closing argument of the guilt/innocence phase of the trial, the prosecutor argued as follows:

Possible defensive theories. I was trying to think of possible defensive theories. Well, what would you defend this with? Well, the defendant wasn't there. *Well, you heard no evidence that the defendant was not there because he was there.* Yvette Miller testified to that, corroborated the testimony of Michelle Peterson. Okay, he was there ... and they had sex, but it was consentual [sic]. *You heard no testimony that any of this was consen[s]ual.* The testimony was it was forced. *There was no testimony, no evidence that it was not— that it was consen[s]ual.*

To this argument appellant neither lodged an objection nor made any other request for relief.

■ Appellant correctly asserts that the United States and Texas constitutions and article 38.08 of the Code of Criminal Procedure prohibit a prosecutor from commenting on the defendant's failure to testify. U.S. Const. amends. V, XIV; Tex.Const. art. I, § 10; Tex.Code Crim.Proc.Ann. art. 38.08 (West 1979). In opposition, the State argues, as a preliminary matter, that appellant's first point of error presents nothing for review because he failed to preserve the complaint for appellate review. We agree.

### 1. *Application of Rules of Appellate Procedure*

Rule 52(a) of the Rules of Appellate Procedure provides:

> In order to preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling he desired the court to make if the specific grounds were not apparent from the context. It is also necessary for the complaining party to obtain a ruling upon the party's request, objection or motion.

Tex.R.App.P. 52(a) (emphasis added). This Court has stated, in the context of a criminal case, that Rule 52(a) means what it says. *See Marin v. State*, 801 S.W.2d 944, 946 (Tex.App.—Austin 1990, pet. granted).

In the present case, the latter portion of the prosecutor's argument—that asserting an absence of evidence of consent—appears to have been improper. *See, e.g., Cook v. State*, 702 S.W.2d 597, 600 (Tex.Crim.App. 1984). However, because appellant made no objection whatsoever at trial to the State's argument, he has not preserved this complaint for appellate review. Tex. R.App.P. 52(a). Therefore, nothing is presented for review.

If appellant's brief can be construed to assert fundamental error, we hold that the prosecutor's comments did not cause such egregious harm as to undermine the basic fairness and impartiality of appellant's trial. *See Almanza v. State*, 686 S.W.2d 157, 171–72 (Tex.Crim.App.1984).

### 2. *Application of Law Before Rules of Appellate Procedure*

Even before September 1, 1986, when the Rules of Appellate Procedure were adopted, the Court of Criminal Appeals had held on numerous occasions that in the absence of a trial objection to a comment by the prosecutor on the defendant's failure to testify, nothing is presented for review. *See Martin v. State*, 630 S.W.2d 952, 956 (Tex.Crim.App.1982); *Valore v. State*, 545 S.W.2d 477, 481 (Tex.Crim.App. 1977); *Beal v. State*, 520 S.W.2d 907, 912 (Tex.Crim.App.1975); *Craig v. State*, 480 S.W.2d 680, 682 (Tex.Crim.App.1972). A clear application of this rule appears in *Johnson v. State*, 629 S.W.2d 953 (Tex. Crim.App.1982), where the court stated:

> In his petition for discretionary review, appellant contends that the prosecutor committed fundamental error in his argument to the jury when he directly alluded to the appellant's failure to testify. The Court of Appeals [at 630 S.W.2d 291] concluded that the complained of argument did not constitute a comment on appellant's failure to testify. A concurring opinion, filed by Associate Justice John Vance, concluded that the complained of argument was necessarily a reference to appellant's failure to testify. However, the concurring Justice noted that the appellant did not specifically ob-

ject to the prosecutor's comment. Therefore, nothing was presented for review.

We have examined the record on appeal and agree with the concurring opinion.

629 S.W.2d at 954.

Cases such as *Montoya v. State*, 744 S.W.2d 15 (Tex.Crim.App.1987), and *Johnson v. State*, 611 S.W.2d 649 (Tex.Crim.App.1981), which require a determination of whether the prosecutor's comment could have been cured by an instruction to disregard, are not controlling; they involve situations where the defendant's counsel moved for a mistrial without first requesting the trial court to instruct the jury to disregard the improper comment, thereby raising the issue of whether the granting of an instruction to disregard would have been a futile gesture.

In the present case, although we are unable to say that a perfunctory limiting instruction definitely would have cured the harm from the prosecutor's argument, we also cannot say that a particularly strong limiting instruction could not have done so. Indeed, *Davis v. State*, 645 S.W.2d 817, 819 (Tex.Crim.App.1983), stands squarely for the proposition that an especially severe and attention-grabbing instruction to disregard can cure the harm from repeated violations of article 38.08. *See also Bower v. State*, 769 S.W.2d 887, 907 (Tex.Crim.App. 1989). Accordingly, because we conclude that an instruction to disregard might have cured the harm, we would reach the same result here even if we applied the *Montoya* test of curability.

We overrule appellant's first point of error.

## EVIDENCE OF PRIOR CONVICTION

■ In his second point of error, appellant asserts that the evidence was insufficient to show "finality" as to one of the two prior convictions the State successfully used to obtain an enhanced sentence. Tex.Penal Code Ann. § 12.42(b) (West 1974). Appellant correctly states that it is the State's burden to make a prima facie showing that a prior conviction offered for enhancement was final before the commission of the primary offense. *Diremiggio v. State*, 637 S.W.2d 926, 928 (Tex.Crim.App. 1982). The State offered into evidence a "pen packet," one part of which indicates that on April 28, 1977, some fourteen years before the commission of the primary offense, appellant was convicted of burglary of a building. This evidence was sufficient to satisfy the State's initial burden. *See Jones v. State*, 711 S.W.2d 634, 635–36 (Tex.Crim.App.1986). The burden then shifted to appellant to show that the conviction was not final at the time of the commission of the primary offense. *Diremiggio*, 637 S.W.2d at 928.

In an attempt to meet this burden, appellant points to a curious irregularity in the pen packet relating to the burglary. The pen packet contains a statement from the Travis County District Clerk attesting to the integrity of attached copies of various documents. Just above the signature block appears the following statement: "I further certify that notice of appeal was not given in this case and that an appeal has been perfected." These two assertions are mutually exclusive, for as Rule 40 of the Rules of Appellate Procedure provides, "Appeal is perfected in a criminal case by giving timely notice of appeal; except ... in death penalty cases." Tex.R.App.P. 40(b)(1). The dispositive issue on this point of error is whether the above-quoted text establishes the existence of an appeal. If it does, the State would once again bear the burden, not of proving the existence of a prior conviction, but rather of proving that any appeal was final before the commission of the primary offense. We conclude that the district clerk's statement does not provide evidence of the existence of an appeal.

In *Johnson v. State*, 784 S.W.2d 413, 414 (Tex.Crim.App.1990), the Court of Criminal Appeals held that "[a]fter the State establishes that a defendant has been previously convicted, this Court will presume that a conviction is final when faced with a silent record regarding such." In the present case, the conflicting assertions contained in the district clerk's certification amount, at best, to silence. *Cf. Litton Indus. Products, Inc. v. Gammage*, 668 S.W.2d 319,

324 (Tex.1984) ("When circumstances are consistent with either of ... two facts and nothing shows that one is more probable than the other, neither fact can be inferred."). Because the pendency of an appeal for fourteen years is unlikely, we would be authorized to infer that the absence or completion of any appeal is more probable than that such an appeal was still pending when the primary offense was committed. Under the present circumstances, however, we need not and do not make such an inference; hence, the record is effectively silent as to the existence of an appeal. In accordance with *Johnson*, therefore, we presume the burglary conviction was final.

We overrule appellant's second point of error.

For the foregoing reasons, we affirm the judgment of the district court.