IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-92-428-CR




EARLY CALDWELL,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT



NO. 0923543, HONORABLE BOB PERKINS, JUDGE PRESIDING


 





PER CURIAM

 A jury found appellant guilty of attempted capital murder. Tex. Penal Code Ann.
§§ 15.01 (West Supp. 1993) & 19.03 (West 1989 & Supp. 1993). The jury assessed punishment,
enhanced by a previous felony conviction, at imprisonment for sixty years.

 In his only point of error, appellant complains that the prosecutor commented on
his failure to testify when she said, during argument at the guilt stage, "And you can consider his
demeanor during this trial. You never saw him hanging his head crying, anything like that." 
Appellant did not object to this remark.

 As a general rule, a prosecutor's reference to the defendant's in-court demeanor
as showing a lack of remorse constitutes an improper comment on his failure to testify. Caldwell
v. State, 818 S.W.2d 790, 800 (Tex. Crim. App. 1991). The prosecutor here did not expressly
refer to appellant's lack of remorse, although it was implicit in his statement. Further, appellant
did not preserve the alleged error by voicing a timely objection. Tex. R. App. P. 52(a); Espinoza
v. State, 843 S.W.2d 729 (Tex. App.--Austin 1992, pet. ref'd). If there remains an exception to
this waiver rule for egregiously improper jury argument, the argument complained of in this cause
was not so manifestly harmful that it could not have been cured by an instruction to disregard. 
Willis v. State, 785 S.W.2d 378, 385 (Tex. Crim. App. 1989) (prosecutor's reference to
defendant's "cold fish eyes" and description of defendant's trial demeanor as "just merely star[ing]
and watch[ing] very impassively, very coldheartedly" not so manifestly improper as to be
incurable by instruction; error waived by failure to object). The point of error is overruled.

 The judgment of conviction is affirmed.


[Before Justices Powers, Kidd and B. A. Smith]

Affirmed

Filed: May 5, 1993

[Do Not Publish]