hamilton 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-219-CR





DARWIN HAMILTON,




 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE 



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT



NO. 925071, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING



 




 Appellant, Darwin Hamilton, was convicted by a jury of the offense of possession
with intent to deliver a controlled substance, cocaine, in an amount less than 28 grams. Tex.
Health & Safety Code Ann. § 481.112(a) (West 1992). The jury sentenced appellant to twenty-two and one-half years confinement in the Texas Department of Criminal Justice Institutional
Division. Appellant complains that he was denied effective assistance of counsel at trial and that
the prosecutor engaged in improper jury argument. We will affirm the conviction.


FACTUAL AND PROCEDURAL BACKGROUND


 On September 1, 1992, Austin police officers executed a search and arrest warrant
at appellant's residence. Officer Steven Simank testified that he searched appellant and found a
plastic bag containing forty-five rocks of crack cocaine in appellant's pants pocket. Appellant
testified that he had no cocaine in his pocket, but admitted he had just thrown down a bag
containing approximately thirty-five rocks of crack cocaine. The officers also recovered from
appellant's bedroom eight empty baggies, a razor blade with cocaine residue, a "tally sheet," and
a shotgun. More baggies and numerous receipts for items appellant had purchased for cash were
found in appellant's car, which was parked outside the residence.


DISCUSSION


 Appellant brings three points of error alleging that the prosecutor engaged in jury
argument that was outside the record and violated the State's own motion in limine. Appellant
complains first of the prosecutor's argument that drug dealers were indiscriminate sellers, so that
pregnant women and juveniles, among others, were the victims of this crime. Appellant's trial
counsel objected that this argument was prejudicial. The trial court sustained the objection and
instructed the jury to disregard the prosecutor's statements. Appellant's trial counsel did not move
for a mistrial.

 Second, appellant complains of the argument that prosecutors and judges would rely
on the jury's sentence in making plea bargains, and that "[i]t doesn't do me any good to
recommend 50 years" if the jury assessed a lighter punishment. Appellant's trial counsel objected
that this argument was outside the State's motion in limine and outside the record. The trial court
sustained the objection that the argument was outside the record. Appellant's trial counsel did not
ask that the jury be instructed to disregard the argument, or move for a mistrial.

 When a defendant is given all the relief requested at trial, there is nothing to
complain of on appeal. Cook v. State, 858 S.W.2d 467, 473 (Tex. Crim. App. 1993). 
Accordingly, to preserve a complaint of improper jury argument for appeal, a timely objection
must be made and an adverse ruling obtained. Cooks v. State, 844 S.W.2d 697, 727 (Tex. Crim.
App. 1992), cert. denied, 113 S.Ct. 3048 (1993); Tex. R. App. P. 52(a). If the objection is
sustained, the defendant must request an instruction to disregard the argument and, if that is
granted, move for a mistrial. Cooks, 844 S.W.2d at 728 (citing Harris v. State, 784 S.W.2d 5,
12 (Tex. Crim. App. 1989)).

 The present record reflects that the trial court gave appellant all the relief he
requested. The trial court sustained appellant's objections and, when requested, instructed the
jury to disregard the prosecutor's arguments. Appellant obtained no adverse ruling of which he
may complain on appeal.

 An adverse ruling may not be required in cases in which the prosecutor's argument
is "manifestly improper, or violates some mandatory statute, or injects some new fact harmful to
the defendant's case" such that it cannot be cured by an instruction to disregard. Willis v. State,
785 S.W.2d 378, 385 (Tex. Crim. App. 1989), cert. denied, 498 U.S. 908 (1990); see Espinoza
v. State, 843 S.W.2d 729, 730-31 (Tex. App.Austin 1992, pet. ref'd). The arguments
complained of here do not rise to such a level. We overrule appellant's first, second, and third
points of error.

 Appellant also complains that he was denied effective assistance of counsel at trial. 
This complaint is not brought in a traditional point of error, but is brought in an Anders-type
format. See Anders v. California, 386 U.S. 738 (1967). We will address the complaint.

 The proper standard for determining claims of ineffective assistance of counsel was
set out by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). 
See Jackson v. State, 877 S.W.2d 768, 770-71 (Tex. Crim. App. 1994); Hernandez v. State, 726
S.W.2d 53 (Tex. Crim. App. 1986). First, the defendant must show that counsel's performance
was deficient, to the extent that counsel failed to function as the counsel guaranteed by the Sixth
Amendment. Strickland, 466 U.S. at 687; Jackson, 877 S.W.2d at 771. Second, the defendant
must show that counsel's deficient performance prejudiced the defense. Strickland, 466 U.S. at
687; Jackson, 877 S.W.2d at 771. To show prejudice, the defendant must show that "there is a
reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding
would have been different. A reasonable probability is a probability sufficient to undermine
confidence in the outcome." Strickland, 466 U.S. at 694; Jackson, 877 S.W.2d at 771; Wilkerson
v. State, 726 S.W.2d 542, 550-51 (Tex. Crim. App. 1986), cert. denied, 480 U.S. 940 (1987).

 The defendant bears the burden of proof on both of these prongs. Jackson, 877
S.W.2d at 771. The reviewing court "must indulge a strong presumption that counsel's conduct
falls within the wide range of reasonable professional assistance; that is, the defendant must
overcome the presumption that, under the circumstances, the challenged action `might be
considered sound trial strategy.'" Strickland, 466 U.S. at 689; Jackson, 877 S.W.2d at 771. In
other words, the record presented to the reviewing court must rebut the presumption of reasonable
professional assistance. Jackson, 877 S.W.2d at 771. (1)

 The Strickland standard has never been interpreted to mean that the defendant is
entitled to perfect or errorless counsel; instead, the defendant's claim of ineffectiveness of counsel
is judged by the totality of the representation. McFarland v. State, 845 S.W.2d 824, 843 (Tex.
Crim. App. 1992), cert. denied, 113 S.Ct. 2937 (1993). Isolated instances of error do not render
counsel's performance ineffective, nor can ineffective assistance be established by isolating one
portion of trial counsel's performance for examination. Id.

 Appellant has not met his burden of proof on this issue. We find nothing in the
record to overcome the presumption that counsel's conduct falls within the wide range of
reasonable professional assistance. The record reflects that, against his counsel's advice, appellant
testified at the guilt-innocence stage of the trial that he had possession of approximately thirty-five
rocks of crack cocaine when the officers entered his residence. Appellant disputed that he
intended to sell the cocaine, by testifying that the cocaine was for his personal consumption. The
State offered into evidence a "tally sheet" that appellant had made which reflected a $1300 profit
from sales of cocaine. In his testimony, appellant admitted to making the tally sheet, but testified
that he had not actually put the plan into action. There was evidence that appellant was and had
been unemployed, yet had made substantial cash purchases. Appellant claimed that the sources
of the funds for these purchases were insurance settlement proceeds and money from his father,
not sales of crack cocaine. 

 At the punishment phase of his trial, appellant's probation officer testified to
appellant's non-compliance with certain terms of his two-year probation for unlawfully carrying
a weapon. The probation officer also testified that appellant stated that he would rather go to jail
than have someone control his life for two years through probation. Appellant did not testify at
the punishment phase. In closing argument, the prosecutor is alleged to have engaged in improper
jury argument. As discussed above, appellant's trial counsel failed to preserve this potential error
for review. However, after reviewing the entire record and viewing appellant's representation
in its totality, we conclude that appellant was not deprived of effective assistance of counsel. We
overrule appellant's claim of ineffective assistance of counsel.


CONCLUSION


 We affirm the judgment of conviction.



 J. Woodfin Jones, Justice

Before Justices Powers, Aboussie and Jones

Affirmed

Filed: August 31, 1994

Do Not Publish
1. In a concurring opinion in Jackson, Justice Baird noted that, because of time
constraints in obtaining evidence, "As a general rule, one should not raise an issue of
ineffective assistance of counsel on direct appeal." Jackson, 877 S.W.2d at 772 (Baird, J.,
concurring).