TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00577-CR







Christopher Lee Cox, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF COLLIN COUNTY, 366TH JUDICIAL DISTRICT


NO. 199-80169-94, HONORABLE NATHAN E. WHITE, JR., JUDGE PRESIDING







PER CURIAM


 Appellant pleaded guilty before a jury to the offense of arson. Tex. Penal Code
Ann. § 28.02(a)(2)(A) (West 1994). (1) The jury assessed punishment at imprisonment for twenty
years.

 On February 27, 1994, appellant drove to a restaurant in McKinney where his
former wife, Donna Cox, worked, poured gasoline over her car, and set it ablaze. This was one
of a series of acts by which appellant threatened and harassed Donna Cox, her family, and her
new boyfriend. One of the other incidents took place on November 28, 1993, while Donna Cox
and her children were living with her aunt and uncle, Linda and Donald Risner, in Anna. That
night, Donna saw appellant in the Risners' backyard. Her uncle went outside to investigate and
found appellant lying on his stomach with a shotgun pointed at the back porch of the house. 
Appellant stood and pointed the shotgun at Risner. When Risner pushed the weapon aside, it
discharged. Risner managed to subdue appellant and the police were called.

 Appellant's third point of error relates to the testimony of Collin County deputy
sheriff J.D. McCommas, one of the officers who investigated the shooting at the Risner house. 
McCommas testified that after being arrested, handcuffed, and placed in the back seat of a patrol
car, appellant managed to open the door and step out of the patrol car before being restrained by
another deputy. Later, as appellant was being booked at the jail, he told McCommas, "I'm going
to get you." Appellant contends that this testimony was evidence of the extraneous offenses of
escape and retaliation, and that it was erroneously admitted because the State had not given
appellant the requisite notice. Tex. Code Crim. Proc. Ann. art. 37.07. § 3(g) (West Supp. 1995);
Tex. R. Crim. Evid. 404(b). Appellant did not object to the testimony on this ground, however,
and nothing is presented for review. Tex. R. App. P. 52(a); Tex. R. Crim. Evid. 103(a)(1).

 In the same point of error, appellant also complains of the admission of testimony
by another police officer describing appellant's arrest for public intoxication. Again, there was
no objection to the testimony. Point of error three is overruled.

 In point of error one, appellant contends the State failed to disclose exculpatory
evidence. Arlington police officer Jeffrey Ackland testified that in June 1994, appellant filed a
complaint alleging that Chris King, Donna Cox's new boyfriend, fired shots at him. Several days
later, after a warrant for King's arrest was issued, appellant returned to the Arlington police
station and told Ackland that his complaint against King was false. Appellant gave Ackland a
written statement explaining that he made the false accusation "to get even with" King. During
cross-examination, Ackland testified that certain persons questioned by officers investigating
appellant's accusation against King said they heard a gunshot at the time and place in question. 
Appellant argues that this was exculpatory evidence in that it tended to confirm the truth of
appellant's original complaint, and that the State erred by failing to disclose it to the defense prior
to trial.

 The alleged exculpatory statements do not appear in the record. Tex. R. App. P.
50(d). Furthermore, the record does not support appellant's contention that the State withheld the
statements from the defense. At a pretrial hearing conducted the day before trial began, defense
counsel asked if there were any evidence tending to show that appellant's complaint against King
was true.



MR. O'SHEA [defense counsel]: . . . I'm asking -- I'm looking for any
corroborating evidence that that shooting was the truth, if it's in the -- if it's in --
you know, within the Arlington detective's, have any corroborating evidence that
goes against Mr. Cox coming down and dropping the charges, then I'm asking for
that.


MR. CLAYTON [prosecutor]: I'm sure Officer Ackland will bring it, Judge. I
just heard about that middle of last week. I'm sure that we'll both get to question
it and hear it the first time here in court. All I've been provided at this point is
that the Arlington police investigated the crime scene when it was reported,
thought it looked dubious at that time. From what I understand -- and this is just
kind of rough over the phone -- but kind of became a moot point when Mr. Cox,
the Defendant here, trots down to the police station, say, oh, by the way, drop all
charges, this is a bogus shooting, I set it all up. And, you know, I'm sure they'll
have plenty of chance to cross-examine Officer Ackland when he gets here, but I
don't have anything in my possession at this point that verified it, anything other
than a phone call I received about it.


MR. O'SHEA: And all I'm saying, Judge, is any corroborating evidence exists
which led to the police department to consider the case, we're asking for it.


THE COURT: Okay. Well, I think Mr. Clayton has indicated to you he doesn't
have it now. If it turns up that the officer is here and has some and didn't have it
with him, why we'll deal with that at the time.


MR. O'SHEA: Okay.



The record reflects that the prosecutor had spoken to Ackland once by telephone. The
prosecutor's statement at the pretrial hearing that he was unaware of any evidence tending to
corroborate appellant's accusation against King is unrebutted, and defense counsel was apparently
satisfied with the understanding reached at the hearing. In the absence of any showing that the
State knew about the alleged exculpatory evidence prior to trial, appellant's contention that the
evidence was withheld by the State must fail. Point of error one is overruled.

 Madeline Culley Henry, appellant's aunt, testified in support of his request for
probation. Henry stated that she was familiar with appellant's criminal record and that he had no
felony convictions. On cross-examination, Henry was asked if she was aware of appellant's
misdemeanor convictions for driving while intoxicated, failure to maintain liability insurance, and
theft. She replied that she was. Appellant now complains that his theft prosecution resulted in
a deferred adjudication and that the prosecutor, by his question, created the false impression that
appellant had been convicted of the offense.

 In his brief, appellant acknowledges that documents detailing his criminal record
were provided to the defense prior to trial. Nevertheless, appellant did not object to the question
of which he now complains. Tex. R. App. P. 52(a). Moreover, there is nothing in the record
to support appellant's assertion that the theft prosecution resulted in deferred adjudication. Tex.
R. App. P. 50(d). Point of error two is overruled.

 Finally, appellant complains of two sidebar remarks made by the prosecutor during
questioning of witnesses and of a third remark by the prosecutor during his final argument. In
each instance, appellant objected and asked for a mistrial, which was denied. Appellant requested
no other relief. The remarks, while inappropriate, were not so egregiously prejudicial as to be
incurable by an instruction to disregard. See Romo v. State, 631 S.W.2d 504, 505 (Tex. Crim.
App. 1982); Espinoza v. State, 843 S.W.2d 729, 730-31 (Tex. App.--Austin 1992, pet. ref'd). 
The district court did not err by overruling the motions for mistrial. Point of error four is
overruled.

 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Aboussie and Jones

Affirmed

Filed: May 31, 1995

Do Not Publish
1. Section 28.02 was amended in a nonsubstantive way after this offense was committed.