Lawler 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00059-CR







Trigg Martin Lawler, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 5 OF TRAVIS COUNTY


NO. 412236, HONORABLE WILFRED AGUILAR, JUDGE PRESIDING








 A jury convicted appellant of criminal trespass of a habitation, and assessed
punishment at confinement for one year in the county jail. See Tex. Penal Code Ann. § 30.05(d)
(West 1994). (1) In eight points of error, appellant attacks the judgment on the grounds that: 1) the
trial court improperly commented on the weight of the evidence; 2) the evidence was insufficient
to support a conviction, due to variances between the information and proof at trial; 3) the trial
court erred by allowing the prosecutor to comment on appellant's failure to testify; and 4) the trial
court erred by admitting evidence of appellant's character. We will affirm the judgment of
conviction.

 On May 29, 1994, Virginia Lawler awoke to find appellant, her estranged husband,
standing in her trailer home. Even though she repeatedly asked appellant to leave, he would not. 
Terry Swanson, the man with whom she was living, called while appellant was in the house. 
After learning that appellant was there, Swanson came home and forced him to leave.

 In his second, third, and seventh points of error, appellant attacks the sufficiency
of the evidence to sustain his conviction. In considering these arguments, we view the evidence
in the light most favorable to the verdict to determine whether any rational trier of fact could have
found the contested elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443
U.S. 307, 319 (1979); Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988). 

 Appellant contends in his second point of error that the State failed to prove
Virginia Lawler owned the house, as it alleged in the information. See Langston v. State, 855
S.W.2d 718, 721 (Tex. Crim. App. 1993) (if State alleges ownership, it assumes burden of
proving that allegation). Appellant claims the State actually proved that Terry Swanson, not
Virginia Lawler, owned the house. In support of his argument, appellant cites Swanson's
testimony where he refers to the trailer home as "my house," "my home," and so on; appellant
also points to Swanson's testimony that he bought the trailer, and that the trailer is on land owned
by Swanson's parents. 

 The Penal Code defines "owner," in relevant part, as a person who has "a greater
right to possession of the property than the actor." Tex. Penal Code Ann. § 1.07(a)(35)(A) (West
1994). This definition applies to criminal trespass prosecutions in which the State alleges
ownership. Arnold v. State, 867 S.W.2d 378, 379 (Tex. Crim. App. 1993). Appellant argues
that this definition does not apply because the State did not prove Virginia Lawler had a greater
right of possession to the home than appellant. Our review of the record compels us to disagree;
Virginia Lawler testified that she lived in the home, that she was napping there on the day of the
offense, and that she told appellant to "get out of my house." Terry Swanson testified that
Virginia Lawler had lived there for nine or ten months. On the other hand, the record contains
no evidence that appellant had any right of possession to the house. A rational trier of fact could
conclude from this evidence that Virginia Lawler had a greater right to possession of the home
than appellant. We overrule appellant's second point of error.

 In his third point of error, appellant asserts that the State failed to prove appellant
committed the offense on March 29, 1994, the date alleged in the information. Instead, he claims,
the State proved the offense took place on May 29, 1994. As sole support for this contention, he
seizes upon the following question that the prosecutor asked Virginia Lawler: "I'm going to direct
your attention to May 29, 1994. Do you remember that day?" Appellant fails to note that, very
shortly after this question, the prosecutor asked, "How often up until March 29th, 1994, had -- at
that time, March 29, 1994 had Trigg (appellant) been visiting Amber (their daughter)?" In
making a relevancy objection to appellant's questioning of Virginia Lawler, the prosecutor stated,
"It doesn't have anything to do with March 29th, 1994." In beginning his questioning of Terry
Swanson about the offense, the prosecutor said, "Let me direct your attention to March 29th,
1994." Our review of the record reveals other instances where the prosecutor referred to March
29, 1994 as the date of the offense. Based on this evidence, a rational fact finder could have
concluded that the reference to May 29, 1994 was an isolated and inadvertent misstatement, and
that the witnesses were testifying about events that occurred on March 29, 1994. We overrule
point of error three. 

 In his seventh point of error, appellant claims that the State failed to prove that the
structure appellant entered without permission was a building. To commit criminal trespass, a
person must enter or remain "on property or in a building of another without effective consent." 
Tex. Penal Code Ann. § 30.05(a) (West 1994). Criminal trespass is a Class B misdemeanor
unless it is committed in a habitation, in which case it is a Class A misdemeanor. Tex. Penal
Code Ann. § 30.05(d) (West 1994). Appellant submits that, even though he was convicted of
trespass of a habitation, the State was still required to prove a "building" under section 30.05(a). 
He acknowledges that the State proved the structure was a trailer, but contends that this proof was
insufficient to prove it was a building. 

 The Penal Code defines "habitation" in pertinent part as "a structure or vehicle that
is adapted for the overnight accommodation of persons. . ." Tex. Penal Code Ann. § 30.01(1)
(West 1994). The Code defines "building" as "any enclosed structure intended for use or
occupation as a habitation or for some purpose of trade, manufacture, ornament, or use." Tex.
Penal Code Ann. § 30.01(2) (West 1994) (emphasis added). Considerations relevant to whether
a structure is a habitation include whether someone was using the structure or vehicle as a
residence at the time of the offense; whether the structure or vehicle contained belongings and
utilities common to residences; and "whether the structure is of such a character that it was
probably intended to accommodate persons overnight (e.g. house, . . . mobile home, house
trailer)." Blankenship v. State, 780 S.W.d 198, 209 (Tex. Crim. App. 1989) (emphasis added). 

 The record shows that Virginia Lawler was using the trailer as a home on the date
of the offense, that it had electric, water, and telephone service, and that it included a bathroom,
bedroom and living room. This evidence is sufficient to prove that the structure was a habitation. 
Nonetheless, in an apparent attempt to cast the structure as a vehicle beyond the reach of the
criminal trespass statute, appellant cites our holding that criminal trespass "applies only to real
property and does not extend to unauthorized intrusions into motor vehicles." Cadieux v. State,
711 S.W.2d 92, 95 (Tex. App.--Austin 1986, pet. ref'd). A trailer home, like the one involved
here, "may serve as a dwelling," indeed is intended to serve as a dwelling, when it comes to rest. 
Ex parte Raleigh, 688 S.W.2d 854, 855-56 (Tex. Crim. App. 1986). The State presented
sufficient evidence for a rational trier of fact to conclude that the structure was a habitation. We
overrule appellant's seventh point of error.

 In points of error four, five, and six, appellant complains that the trial court
committed reversible error by allowing the prosecutor in closing argument to comment on
appellant's failure to testify. He bases these points on the United States and Texas constitutions,
and article 38.08 of the Texas Code of Criminal Procedure. Appellant focuses his complaint on
this comment made by the prosecutor: 



Now, what went on between all those times? Why did they go to Louisiana? I
tried to ask, but we didn't hear any answer. If it had been beneficial to the
defendant, don't you think we would have heard the answer?



The State inquired into the Louisiana trip during its cross-examination of appellant's brother, Neil. 
When the prosecutor asked Neil why he and Virginia Lawler had gone to Louisiana to visit
appellant, appellant promptly asked for a bench conference, after which the State withdrew the
question.

 Because appellant did not object to the comment at trial, appellant has preserved
nothing for our review, and we consider only whether the comment resulted in fundamental error. 
Tex. R. App. P. 52(a); Espinoza v. State, 843 S.W.2d 729, 730 (Tex. App.--Austin 1992, pet.
ref'd). In order to obtain reversal, appellant must show that the comment caused egregious harm
sufficient to undermine the basic fairness and impartiality of his trial. Almanza v. State, 686
S.W.2d 157, 171-72 (Tex. Crim. App. 1984); Espinoza, 843 S.W.2d at 730. Because the
prosecutor's remarks referred to the failure of the defense to provide evidence through appellant's
brother, the comment did not undermine the basic fairness and impartiality of appellant's trial. 
See May v. State, 618 S.W.2d 333, 344 (Tex. Crim. App.), vacated on other grounds, 454 U.S.
959 (1981), aff'd, 632 S.W.2d 751 (Tex. Crim. App. 1982) (if prosecutor's remark during jury
argument can reasonably be construed as referring to defendant's failure to present evidence
through witness other than himself, reversal not required). Points of error four, five and six are
overruled.

 Appellant claims in his first point of error that the trial court erred by commenting
on the weight of the evidence and by conveying its opinion as to the proper outcome of the case. 
See Tex. Code Crim. Proc. Ann. arts. 36.14 & 38.05 (West 1981 and Supp. 1995). Appellant
points to the following comment made by the court after reading the jury charge on
guilt/innocence:



If you like, you can go back in there and decide if you want to go eat right away,
which is fine . . . [a]nd then you can come back and deliberate after you've eaten. 
But I will let you decide that. Please remember that if you do -- if you return a
verdict of guilty, we will have to get into punishment this afternoon. So that's
what I'm saying maybe you ought to eat. I'm not indicating which way the verdict
is going to go, but you may need to take that into account. Okay.



As the judge sent the jury to deliberate on guilt/innocence, he said:



As I indicated earlier, if you return a verdict of guilty, we will then get into
punishment, once I prepare the punishment charge. I am going to try to do that
during the lunch hour."



When the judge instructed the prosecutor to begin punishment arguments, he said, "All right. 
Five minutes apiece. Go ahead, sir. I don't really think you need five minutes, but go ahead." 
Appellant contends that this last statement indicated a non-neutral relationship between the judge
and prosecutor. 

 Appellant failed to object to any of these comments, and so has preserved nothing
for our review. Tex. R. App. P. 52(a); Bell v. State, 774 S.W.d 371, 374 (Tex. App.--Austin
1989, pet. ref'd), cert. denied, 497 U.S. 1008 (1990). In any event, these statements would not
constitute reversible error because they were not comments reasonably calculated to benefit the
State or prejudice appellant. See Kincade v. State, 552 S.W.2d 832, 835 (Tex. Crim. App. 1977). 
The judge made clear that the punishment stage would occur only if the jury returned a verdict
of guilty. In light of this explanation the comments did not imply that the evidence favored a
guilty verdict, or that the court anticipated a guilty verdict and therefore a punishment phase. See
Bell, 774 S.W.2d at 375. 

 Regarding the comment on punishment arguments, we note that the entire
punishment phase consisted of roughly three pages of testimony by Virginia Lawler. Viewed in
this context, the comment was simply a common-sense observation that a short punishment phase
should warrant a short argument. We overrule point of error one.

 In his eighth point of error, appellant asserts that the trial court improperly allowed
evidence of appellant's character, when he had not placed his character in issue. Appellant did
not object to any of this evidence at trial, but claims the evidence was so prejudicial that it
constitutes fundamental error. He levels this complaint primarily at Virginia Lawler's testimony
that she was afraid of appellant, that he degraded and insulted her when he was in her home, and
that "unfortunately" they were still married. 

 To prove the offense of criminal trespass, the State was required to prove that
either appellant's entry was forbidden or that he was given notice to depart but failed to do so. 
Tex. Penal Code Ann. § 30.05(a)(1), (2) (West 1994). Part of appellant's defense was that
Virginia Lawler did not actually want appellant to leave. The contested evidence was not
character evidence, but instead substantiated Virginia Lawler's testimony that she did want
appellant to leave. Similar testimony elicited from Terry Swanson, of which appellant also
complains, served the same purpose of showing that Virginia Lawler did not want to see appellant
under any circumstance. 

 Appellant also complains of Virginia Lawler's testimony that the last time she saw
appellant was "the month he got out of prison." Again, this testimony was not introduced to
reflect on appellant's character, but instead established a time frame. This time frame, in turn,
was used to show that it had been a long time since Virginia Lawler had seen appellant. Any
incidental prejudicial effect from this testimony was minimal, because this was the only mention
of appellant's time in prison. Because none of the evidence complained of by appellant served
as character evidence, it did not cause egregious harm sufficient to undermine the basic fairness
and impartiality of his trial. Almanza, 686 S.W.2d at 171-72. Appellant's eighth point of error
is overruled.

 Having overruled all of appellant's points of error, we affirm the judgment of the
trial court.



 

 Bea Ann Smith, Justice

Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: October 11, 1995

Do Not Publish
1.   This offense took place before September 1, 1994, and is governed by the law in effect
at the time the offense was committed. Because the code amendments effective September 1,
1994 have no substantive effect on the provisions at issue in this case, the current code is cited
for the sake of convenience. See Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 1.01, 1993
Tex. Gen. Laws 3586, 3589, 3633, 3634.



r to begin punishment arguments, he said, "All right. 
Five minutes apiece. Go ahead, sir. I don't really think you need five minutes, but go ahead." 
Appellant contends that this last statement indicated a non-neutral relationship between the judge
and prosecutor. 

 Appellant failed to object to any of these comments, and so has preserved nothing
for our review. Tex. R. App. P. 52(a); Bell v. State, 774 S.W.d 371, 374 (Tex. App.--Austin
1989, pet. ref'd), cert. denied, 497 U.S. 1008 (1990). In any event, these statements would not
constitute reversible error because they were not comments reasonably calculated to benefit the
State or prejudice appellant. See Kincade v. State, 552 S.W.2d 832, 835 (Tex. Crim. App. 1977). 
The judge made clear that the punishment stage would occur only if the jury returned a verdict
of guilty. In light of this explanation the comments did not imply that the evidence favored a
guilty verdict, or that the court anticipated a guilty verdict and therefore a punishment phase. See
Bell, 774 S.W.2d at 375. 

 Re