11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Robert
Harris Brinston

Appellant

Vs.                   No. 11-03-00053-CR B
Appeal from Dallas County

State
of Texas

Appellee

 

The jury found appellant, Robert Harris Brinston,
guilty of aggravated sexual assault of a child under the age of 14 and assessed
his punishment at imprisonment for 20 years. 
We affirm.

In a single issue, appellant contends that the
trial court committed reversible error when, at the punishment phase of the
trial, the court remarked to the jury that appellant would testify; and, in
fact, appellant did not testify.

The record at the punishment phase reflects the
following:

THE COURT: Do you have further witnesses?

 

[DEFENSE COUNSEL]: Yes, I do.  May we approach?

 

THE COURT: Yes.

 

(Sidebar
conference.)

 

THE COURT: All right.  Members of the jury, there=s only one witness left.  That=s
going to be the accused in the case.  I
would anticipate his testimony will take more than the ten minutes or so that I=ve got before I have to leave to go to
that funeral.  And so what we are
going to do is I have to have B
to hold a brief hearing here in the courtroom. 
I=m going
to go ahead and let you go.  It=s ten minutes until 11:00 now.  I think that I can be back here by 1:30.  So be back in the jury room at 1:30.

 








We will hear the last witness and we already have
the Charge ready in the case.  So we=ll be ready to hear arguments after that
witness is finished.   I anticipate B of course I can never anticipate how
long your deliberations will take.  I
anticipate we will have this case finished today.  And if you=re
able to reach a verdict today then we=ll
be finished.

 

Otherwise you would have to come back
tomorrow.  But that wouldn=t require my presence.  I could get someone else to take that
verdict.  So you could go ahead and
finish up.

 

All right. 
You can go with the bailiff and just be back here at 1:30.

 

Immediately after the jury retired, appellant, out
of the presence of the jury, testified that he understood that he had an
absolute right not to testify; but, that after consulting with trial counsel,
he wanted to testify at the punishment phase.[1]  The trial court then instructed appellant and
his counsel to be back at 1:30 p.m. and the proceedings would continue.  When appellant returned following the lunch
break, he testified out of the presence of the jury that he had changed his
mind and decided he would not testify.

Appellant did not object to the trial court=s remark to the jury that there was
only one witness left and that that was going Ato
be the accused in the case.@  Appellant neither requested the trial court
to instruct the jury to disregard the court=s
comment nor moved for a mistrial.

Appellant cites Bustamante v. State, 48
S.W.3d 761 (Tex.Cr.App.2001), and argues that the trial court=s comment violated his privilege
against self-incrimination contained in U.S. CONST. amend. V and TEX. CONST.
art. I, ' 10.

The trial court=s
comment created an expectation that appellant would testify; and, because
appellant did not testify, the comment could potentially call attention to
appellant=s
silence.  The trial court in both the
guilt/innocence charge and the punishment charge instructed the jury regarding
appellant=s right
not to testify.  The punishment charge
included the following instruction to the jury:

Our law provides that a defendant may testify in
his own behalf if he elects to do so. 
This, however, is a right accorded a defendant, and in the event he
elects not to testify, that fact cannot be taken as a circumstance against him.  In this case, the defendant has elected not
to testify, and you are instructed that you cannot and must not refer or allude
to that fact throughout your deliberations or take it into consideration for
any purpose whatsoever as a circumstance against the defendant.








We hold that appellant waived any error by failing
to object to the court=s
comment.  See TEX.R.APP.P. 33.1; United
States v. Haynes, 573 F.2d 236 (5th Cir. 1978); Cockrell v. State,
933 S.W.2d 73, 89 (Tex.Cr.App.1996), cert. den=d,
520 U.S. 1173 (1997); Espinoza v. State, 843 S.W.2d 729 (Tex.App. -
Austin 1992, pet=n
ref=d).  We point out that the defendant in Bustamante
timely objected, requested a curative instruction, and moved for a
mistrial.  The Bustamante court
sustained the objection and instructed the jury to disregard the trial court=s remarks.  Furthermore, we hold that the trial court=s comments did not constitute Afundamental error@ of constitutional dimension and that
an objection was required to preserve the alleged error.  See Blue v. State,  41 S.W.3d 129 (Tex.Cr.App.2000).  Appellant=s
issue is overruled.

The judgment of the trial court is affirmed.

 

AUSTIN McCLOUD

SENIOR JUSTICE

 

March 4, 2004

Do not publish.  See
TEX.R.APP.P. 47.2(b).

Panel
consists of: Arnot, C.J., and

Wright,
J., and McCloud, S.J.[2]











[1]The record indicates (but does not show) that the trial
court=s comments resulted from an unrecorded ASidebar conference@ when the
court was apparently told that the defense had only one more witness --
appellant.





[2]Austin McCloud, Retired Chief Justice, Court of
Appeals, 11th District of Texas at Eastland sitting by assignment.