# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00516-CR

**Miranda Martinez, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
### NO. CR-10-0287, HONORABLE MARK R. LUITJEN, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

A jury convicted appellant Miranda Martinez of the offense of intoxication manslaughter. Punishment was assessed at 15 years' imprisonment. In a single point of error, Martinez asserts that the prosecutor committed reversible error in her closing argument during punishment when she commented on Martinez's failure to testify. We will affirm the judgment.

Martinez was charged with operating a motor vehicle while intoxicated and colliding with another vehicle by driving in the wrong direction on IH-35. The alleged collision caused the death of the driver of the other vehicle, Rebecca Ann Stuckey. The jury found Martinez guilty as charged, and the case proceeded to punishment. During punishment, the following occurred during the closing argument of defense counsel:

> [Defense counsel]:     [Y]ou'll notice that [Martinez] has never once tried to create a case denying responsibility in this matter.

| | |
|---|---|
| [Prosecutor]: | Objection, Your Honor. Arguing outside the record again. |
| [Defense counsel]: | Well, she didn't testify nor did we put any witnesses on. |
| [Court]: | Counsel— |
| [Prosecutor]: | He's opening the door. |
| [Court]: | You just opened the door wide. Go ahead. |
| [Defense counsel]: | There's no denial of responsibility by our side in this case and for what happened and why, none. |

Later, during the State's closing argument, the prosecutor argued the following:

And, you know, the defense attorney talked about, you know, she didn't fight this. She didn't fight it. Okay? She didn't fight it, but did you hear her get up here and take responsibility for what she did? No.

There's been nothing from her, nothing. Normally I can't say anything about that, but when he commented on his client not testifying, then I can talk about that. And she didn't take responsibility for her actions, and she still doesn't. She still wants to make this all about her and how she deserves this and she deserves that.

Defense counsel made no objection to this argument.

The jury assessed punishment as noted above, and the district court sentenced Martinez in accordance with the jury's verdict. This appeal followed.

Martinez's sole point of error concerns the above argument by the prosecutor. According to Martinez, the argument was a "direct comment on the defendant's failure to testify at the punishment phase of the case" and constitutes reversible error. The State responds that Martinez failed to preserve error. Martinez concedes that she did not object to the argument but asserts that

because the comment violated a mandatory statute, specifically article 38.08 of the code of criminal procedure, "fundamental error occur[ed] and no objection [was] necessary to preserve error."[1]

Prosecutorial comment that refers to an accused's failure to testify violates the accused's Fifth Amendment right against compelled self-incrimination. *See Griffin v. California*, 380 U.S. 609, 613 (1965); *Canales v. State*, 98 S.W.3d 690, 695 (Tex. Crim. App. 2003); *Bustamante v. State*, 48 S.W.3d 761, 764 (Tex. Crim. App. 2001). And, as Martinez observes, it would also violate a mandatory statute. *See* Tex. Code Crim. Proc. Ann. art. 38.08 (West 2005) ("Any defendant in a criminal action shall be permitted to testify in his own behalf therein, but the failure of any defendant to so testify shall not be taken as a circumstance against him, nor shall the same be alluded to or commented on by counsel in the cause."). To constitute error, the comment

---

[1] In making this argument, Martinez relies on *Campbell v. State*, 900 S.W.2d 763 (Tex. App.—Waco 1995, no pet.). In *Campbell*, the Waco Court of Appeals noted the general rule that "the failure to object to impermissible jury argument waives any error," but stated that "an exception to the general rule exists where the argument is manifestly improper, violates some mandatory statute, or injects some new fact harmful to the defendant's case." *Id*. at 767 (citing *Willis v. State*, 785 S.W.2d 378, 384 (Tex. Crim. App. 1989)). Concluding that "a direct comment on a defendant's failure to testify" violates a mandatory statute, namely article 38.08 of the code of criminal procedure, the court held that "fundamental error necessarily results" from such a comment and that, therefore, error preservation was not necessary. *See id*. at 767-68; *but see id*. at 774-77 (Thomas, C.J., concurring) (concurring in judgment based on then-existing precedent but expressing doubts as to whether improper jury argument rose to level of fundamental error). The case on which the *Campbell* court relied for its decision, *Willis v. State*, is no longer good law. *See Estrada v. State*, 313 S.W.3d 274, 303 (Tex. Crim. App. 2010) ("We overruled the exception discussed in *Willis* more than ten years ago.") (citing *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996) (holding that "a defendant's failure to object to a jury argument . . . forfeits his right to complain about the argument on appeal" and expressly overruling "any prior cases to the contrary")). Because the court of criminal appeals has overruled the case on which the *Campbell* court relied, we decline to follow it. *See State ex rel. Wilson v. Briggs*, 351 S.W.2d 892, 894 (Tex. Crim. App. 1961) ("The Texas Court of Criminal Appeals is the court of last resort in this state in criminal matters. This being so, no other court of this state has authority to overrule or circumvent its decisions, or disobey its mandates.").

must clearly refer to the accused's failure to testify, and it is not sufficient that the comment might be construed as an implied or indirect allusion. *Bustamante*, 48 S.W.3d at 765. The test is whether the prosecutor manifestly intended his language to be such a comment, or whether the language was of such a character that the jury would necessarily and naturally take it as a comment on the defendant's failure to testify. *Canales*, 98 S.W.3d at 695; *Bustamante*, 48 S.W.3d at 765.

However, it is well settled that absent a timely, specific objection to such a comment, nothing is preserved for review. *See, e.g.*, *Wead v. State*, 129 S.W.3d 126, 130 (Tex. Crim. App. 2004); *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996); *Martin v. State*, 630 S.W.2d 952, 956 (Tex. Crim. App. 1982); *Valore v. State*, 545 S.W.2d 477, 481 (Tex. Crim. App. 1977); *Beal v. State*, 520 S.W.2d 907, 912 (Tex. Crim. App. 1975); *Craig v. State*, 480 S.W.2d 680, 682 (Tex. Crim. App. 1972); *Espinoza v. State*, 843 S.W.2d 729, 730-31 (Tex. App.—Austin 1992, pet. ref'd); *see also Young v. State*, 137 S.W.3d 65, 69-70 (Tex. Crim. App. 2004) (holding that objection is required to preserve error to any foreseeable occurrence, and request for instruction to disregard or motion for mistrial is required to preserve error to unforeseeable occurrence). Recently, the court of criminal appeals has reiterated the need for error preservation in cases of improper jury argument. *See Estrada v. State*, 313 S.W.3d 274, 303 (Tex. Crim. App. 2010).

In this case, Martinez did not object to the comment, request an instruction to disregard, or move for a mistrial. Accordingly, no error has been preserved for our review. *See* Tex. R. App. P. 33.1.[2] We overrule Martinez's sole point of error.

---

[2] Moreover, this may be a case in which defense counsel, as the district court and the prosecutor observed, "opened the door" to the prosecutor's comment by arguing that Martinez did not "deny responsibility" in the case and attributing positive significance to Martinez not testifying.

4

We affirm the judgment of the district court.

_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Henson

Affirmed

Filed:   August 31, 2011

Do Not Publish

---

Similar arguments by defendants in other cases have been held to "invite" prosecutorial comment on the defendant's failure to testify.  *See, e.g.*, *Long v. State*, 823 S.W.2d 259, 269 (Tex. Crim. App. 1991); *Nethery v. State*, 692 S.W.2d 686, 703 (Tex. Crim. App. 1985); *Coleman v. State*, 643 S.W.2d 947, 952 (Tex. Crim. App. 1982); *Linder v. State*, 828 S.W.2d 290, 300-01 (Tex. App.—Houston [1st Dist.] 1992, pet. ref'd).  Thus, even if error had been preserved, we would be unable to conclude on this record that the district court abused its discretion in allowing the argument.