Ray Charles **JOHNSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 1060–87.

Court of Criminal Appeals of Texas, En Banc.

Feb. 7, 1990.

Walter M. Reaves, Jr., West, for appellant.

Paul E. Gartner, Jr., Dist. Atty., and Tanya Boyce Dohoney, Asst. Dist. Atty., Waco, Robert Huttash, State's Atty., Austin, for State.

OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

McCORMICK, Presiding Judge.

Appellant, Ray Charles Johnson, was convicted of burglary of a building. After

the jury determined that an enhancement allegation was true, it assessed a sentence of sixty years' confinement. In addition to assessing a term of imprisonment, the jury, after the trial court submitted a special instruction to it over appellant's objection, found that appellant used or exhibited a deadly weapon during the commission of the offense. The conviction was affirmed on appeal by the Waco Court of Appeals in an unpublished opinion. That court held, inter alia, that the State had presented sufficient evidence to prove that appellant's prior conviction used for enhancement purposes was final. Moreover, the Court of Appeals held that appellant was not entitled to be notified of the State's intention to seek an affirmative finding as to appellant's use or exhibition of a deadly weapon. We granted appellant's petition for discretionary review to determine the correctness of both of these holdings and now reverse.

■■■ The indictment under which appellant was convicted alleged for enhancement purposes a prior conviction for burglary of a habitation. It was incumbent upon the State to prove that this prior conviction became final before commission of the primary offense. See *Diremiggio v. State*, 637 S.W.2d 926, 928 (Tex.Cr.App. 1982). The State sought to prove the enhancement allegation by introducing into evidence a pen packet containing a judgment and sentence; however, the copy of the sentence contained in the pen packet indicates that "defendant gave notice of appeal in open court." A conviction from which an appeal has been taken is not considered final until the appellate court affirms the conviction and issues its mandate. See *Carter v. State*, 510 S.W.2d 323, 324 (Tex.Cr.App.1974). However, in the instant case, no mandate from this Court, or any other manner of proof showing the disposition of the appeal, was introduced into evidence before the jury. As such, our holding in *Jones v. State*, 711 S.W.2d 634 (Tex.Cr.App.1986), controls. In *Jones*, this Court determined:

> "In this instance, because the sentence that was introduced into evidence by the State to prove up the alleged prior felony conviction reflects that the conviction was appealed, the State itself raised the question as to what disposition was made of the appeal. It thus had the burden of proof to establish what disposition was made of the appeal. Because the State failed to make a prima facia showing of finality, the appellant had no burden to carry.... The case is simply one of failure of the State to sustain its burden of proof." *Jones*, 711 S.W.2d at 636.

Although appellant relied upon *Jones* in his brief before the Court of Appeals, that court did not discuss the case. The lower appellate court simply determined that the evidence was "circumstantially sufficient" to prove that the prior conviction was final. This is incorrect.

After the State establishes that a defendant has been previously convicted, this Court will presume that a conviction is final when faced with a silent record regarding such. See *Diremiggio*, 637 S.W.2d at 928, citing *Johnson v. State*, 583 S.W.2d 399 (Tex.Cr.App.1979), and *Tinney v. State*, 578 S.W.2d 137 (Tex.Cr.App.1979). Our holding in *Jones*, however, requires the State to proceed with proof of finality once the presumption of finality has been overcome. That is, the evidence cannot be "circumstantially sufficient" when there has been *no* evidence of finality and other evidence establishes that the case has been appealed. Accordingly, appellant's first ground for review is sustained.

■ Appellant, in his second ground for review, asserts that the trial court erred in submitting in its charge to the jury an issue regarding his use or exhibition of a deadly weapon. Appellant insists that because he was not given notice of the State's intention to seek the deadly weapon finding, it was improper for the trial court to submit this issue to the jury. We agree.

An accused is entitled to be notified that the State will pursue an affirmative finding as authorized by Article 42.12, Section 3g(a)(2), V.A.C.C.P. See *Ex parte Patterson*, 740 S.W.2d 766, 775 (Tex.Cr.App. 1987), overruled for other reasons in *Beck v. State*, 769 S.W.2d 525 (Tex.Cr.App.1989);

*Luken v. State,* 780 S.W.2d 264, 266 (Tex. Cr.App.1989). In *Luken,* this Court wrote:

. "The notice held necessary in *Patterson* is not simply that which fleshes out an indictment which is minimally adequate to invoke the jurisdiction of the trial court, but otherwise insufficient to support a plea in bar, Article 21.04, V.A.C. C.P., or to inform the accused of precisely what he is charged with so that he may prepare his defense, see Articles 21.02(7) and 21.11, V.A.C.C.P. At issue in *Patterson,* rather, is that notice mandated by due course of law sufficient to alert the accused in the first instance 'that a particular finding of fact, having an incrementally greater impact upon his liberty than a bare conviction, may even be made.' 740 S.W.2d at 774. While concluding that, unlike enhancement counts, an allegation of use or exhibition of a deadly weapon need not appear in the indictment, we expressly held 'that the State must plead it.'" *Luken,* 780 S.W.2d at 266, quoting *Patterson,* 740 S.W.2d at 776.

In the case before us, neither the indictment[1] nor any other pleading alleges appellant's use or exhibition of a deadly weapon. Moreover, there is no allegation that death or serious bodily injury was caused, and therefore the indictment does not necessarily include an allegation that an instrument which by the manner of its use was capable of causing death or serious bodily injury, thus putting appellant on notice that the State will seek an affirmative finding. See *Beck v. State,* 769 S.W.2d 525, 526–527 (Tex.Cr.App.1989). Because appellant was not notified of the State's intention to seek an affirmative finding, the trial court erred in submitting an instruction to the jury regarding same. Therefore, appellant's second ground for review is also sustained.

Accordingly, the judgment of the Court of Appeals is reversed. Appellant's sentence is set aside and the cause is remanded to the trial court for proceedings not inconsistent with this opinion.

---

[1]. The indictment in this case alleged that appellant "on or about the 16th day of October, A.D. 1086 ... did then and there, with the intent to commit theft, enter a building not then open to the public without the effective consent of [the complainant], the owner."