TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00150-CR


NO. 03-98-00172-CR







Eric Kenyatta Jordan, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 27TH & 264TH JUDICIAL DISTRICTS


NOS. 45,254 & 46,864, HONORABLE JOE CARROLL, JUDGE PRESIDING







In June 1995, appellant Eric Kenyatta Jordan pleaded guilty and judicially confessed
to delivering more than one but less than four grams of cocaine. Tex. Health & Safety Code Ann.
§ 481.112 (West Supp. 1998). The district court deferred adjudication and placed appellant on
community supervision. In February 1998, the court held a hearing on the State's motion to
adjudicate. After appellant admitted several of the alleged violations, the court revoked
supervision, adjudicated appellant guilty, and sentenced him to imprisonment for six years. The
appeal from this conviction is our cause number 3-98-150-CR. At the same February 1998
proceeding, appellant pleaded guilty and confessed to the unauthorized use of a motor vehicle. 
Tex. Penal Code Ann. § 31.07 (West 1994). The court found him guilty and assessed punishment
at incarceration in a state jail for two years. This conviction is before us as cause number 3-98-172-CR.

In his only point of error in cause number 3-98-172-CR, appellant contends the
district court was required by statute to suspend imposition of his sentence and place him on
community supervision, and that it erred by failing to do so. In October 1996 when the offense
was committed, article 42.12, section 15(a) provided: 


On conviction of a state jail felony punished under Section 12.35(a), Penal
Code, the judge shall suspend the imposition of the sentence of confinement and
place the defendant on community supervision, unless the defendant has been
previously convicted of a felony, in which event the judge may suspend the
imposition of the sentence and place the defendant or community supervision or
may order the sentence to be executed. . . .


 

Act of May 29, 1995, 74th Leg., R.S., ch. 318, § 60, 1995 Tex. Gen. Laws 2734, 2754 (Tex.
Code Crim. Proc. Ann. art. 42.12, § 15(a), since amended). (1) Because adjudication of guilt had
been deferred in the cocaine prosecution, and because there is no evidence of another felony,
appellant concludes that the district court did not have the option to impose sentence. 

The State responds by first contending that appellant waived this issue by failing
to object at trial. An unauthorized punishment, however, is void and may be challenged even in
the absence of a trial objection. See Heath v. State, 817 S.W.2d 335, 336 (Tex. Crim. App.
1991); Rodriguez v. State, 939 S.W.2d 211, 222 (Tex. App.--Austin 1997, no pet.). Article
42.12, section 15(a) defines the trial court's authority to impose or suspend sentence in state jail
felonies. It does not create a right that the litigants may waive or forfeit. See and compare Ex
parte McJunkins, 954 S.W.2d 39, 40-41 (Tex. Crim. App. 1997). Appellant's point of error is
properly before us. 

Addressing the merits of appellant's complaint, the State points out that the district
court adjudged appellant guilty of delivering cocaine and sentenced him to imprisonment before
finding him guilty of unauthorized use of a motor vehicle. Thus, argues the State, appellant had
been previously convicted of a felony and the court was authorized to impose sentence for the state
jail felony.

We find no opinions addressing a court's authority to impose sentence upon
conviction of a state jail felony when "the defendant has been previously convicted of a felony." 
We note, however, that Penal Code section 12.42, authorizing enhanced punishments for
defendants "once before convicted of a felony," has been construed to apply only if the previous
conviction is final. See Russell v. State, 790 S.W.2d 655, 657 (Tex. Crim. App. 1990) (section
12.42(c)); Johnson v. State, 784 S.W.2d 413, 414 (Tex. Crim. App. 1990) (section 12.42(b));
Tex. Penal Code Ann. § 12.42(b) (West 1994), (c)(1) (West Supp. 1998). Given this longstanding
construction of similar language, we construe article 42.12, section 15(a) to require proof of a
previous final felony conviction before the court may forgo community supervision and impose
sentence of confinement on a defendant convicted of a state jail felony.

A conviction from which an appeal is taken is not final until it is affirmed by the
appellate court and the mandate of affirmance is issued. Russell, 790 S.W.2d at 657. Obviously,
appellant's conviction for cocaine delivery was not final when he was convicted and sentenced for
unauthorized use of a motor vehicle. We therefore hold that the district court was not authorized
to impose sentence, but instead was required to suspend imposition of sentence and place appellant
on community supervision. Because appellant's guilty plea was not bargained and the error relates
only to punishment, the proper remedy is to affirm the finding of guilt and remand the cause to
the district court for a community supervision order. See Levy v. State, 818 S.W.2d 801, 803
(Tex. Crim. App. 1991); Tex. Code Crim. Proc. Ann. art. 44.29(b) (West Supp. 1998). (2)

In cause number 3-98-150-CR, appellant's court-appointed attorney filed a brief
concluding that the appeal is frivolous and without merit. The brief, considered together with the
brief counsel filed in the companion case, meets the requirements of Anders v. California, 386
U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why there
are no arguable grounds to be advanced. See also Penson v. Ohio, 488 U.S. 75 (1988); High v.
State, 573 S.W.2d 807 (Tex. Crim. App. 1978); Currie v. State, 516 S.W.2d 684 (Tex. Crim.
App. 1974); Jackson v. State, 485 S.W.2d 553 (Tex. Crim. App. 1972); Gainous v. State, 436
S.W.2d 137 (Tex. Crim. App. 1969). A copy of counsel's brief was delivered to appellant, and
appellant was advised of his right to examine the appellate record and to file a pro se brief. No
pro se brief has been filed. After reviewing the record, we agree with counsel that the appeal is
frivolous and without merit.

In number 3-98-150-CR, the judgment is affirmed. In number 3-98-172-CR, the
judgment is affirmed as to guilt, but that portion of the judgment imposing sentence is reversed
and the cause is remanded with the instruction to suspend imposition of sentence and place
appellant on community supervision.



 

 Mack Kidd, Justice

Before Justices Powers, Aboussie and Kidd

Affirmed as to Cause No. 03-98-00150-CR; Affirmed in Part, Reversed and Remanded 

 in Part as to Cause No. 03-98-00172-CR


Filed: November 5, 1998


Publish
1. Section 15(a) was amended before appellant's trial to make imposition of sentence an option
in all cases, but this amendment applies only to offenses committed on or after its effective date. 
Act of May 17, 1997, 75th Leg., R.S., ch. 488, §§ 1, 6, 1997 Tex. Gen. Laws 1812.
2. We decline to reform the judgment to suspend imposition of sentence and place appellant on
community supervision as the State suggests. It is for the district court, not this Court, to
determine the conditions of supervision.



tate jail
felonies. It does not create a right that the litigants may waive or forfeit. See and compare Ex
parte McJunkins, 954 S.W.2d 39, 40-41 (Tex. Crim. App. 1997). Appellant's point of error is
properly before us. 

Addressing the merits of appellant's complaint, the State points out that the district
court adjudged appellant guilty of delivering cocaine and sentenced him to imprisonment before
finding him guilty of unauthorized use of a motor vehicle. Thus, argues the State, appellant had
been previously convicted of a felony and the court was authorized to impose sentence for the state
jail felony.

We find no opinions addressing a court's authority to impose sentence upon
conviction of a state jail felony when "the defendant has been previously convicted of a felony." 
We note, however, that Penal Code section 12