# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00026-CR

**Leland Harold Brooks, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF HARRIS COUNTY, 182ND JUDICIAL DISTRICT NO. 819,711, HONORABLE JEANNINE BARR, JUDGE PRESIDING

A jury found appellant Leland Harold Brooks guilty of possessing cocaine with intent to deliver and assessed punishment, enhanced by two previous felony convictions, at imprisonment for life. *See* Tex. Health & Safety Code Ann. § 481.112(a), (d) (West Supp. 2000). Appellant contends the evidence does not support the verdict and that he did not receive effective assistance of counsel. We will overrule these contentions and affirm.

On May 7, 1999, Houston Police Officer Mark Smith was told by a confidential informer that George Brooks was selling cocaine from his room at the Suburban Lodge Motel. Smith was familiar with Brooks, having purchased cocaine from him previously while working undercover. Smith further testified that he had been told by a confidential informer that George Brooks regularly transported cocaine from Houston to his brother, Leland Brooks, in Tennessee.

Smith and two other officers went to the Suburban Lodge and began watching room 142, which was registered to Brooks. A Cadillac registered to Brooks was parked outside the room. At about 3:00 p.m., a Dodge with Tennessee license plates drove up and parked beside the Cadillac. George Brooks and two men later identified as appellant Leland Brooks and James Martin got out of the Dodge and entered room 142. A few minutes later, George Brooks came out, retrieved a blue bag from the Cadillac's trunk, and returned to the room. Fifteen minutes later, a truck arrived and its two male occupants were admitted to room 142. Minutes later, the two men left the room and drove away in the truck. Appellant left the room at the same time, and began walking through the motel parking lot looking inside each vehicle. Appellant then walked next door to a shoe store, went inside for less than a minute, then returned to the motel. Smith testified that he believed appellant was attempting to see if the motel room was being watched by the police.

At 4:00 p.m., George Brooks and Martin drove away from the motel in the Dodge, which was registered to appellant. The Dodge was stopped by uniformed officers after it failed to signal a turn. Both occupants were arrested for possession of marihuana found in the car. Brooks refused to give permission to search the motel room.

After learning that Brooks and Martin had been arrested, Smith and a second officer went to the door of room 142 and knocked. Appellant opened the door, through which Smith could see a table on which there was a plastic bag containing a white powder. When Smith identified himself, appellant told him that it was not his room and that he was just sleeping there. The powder in the bag proved to be nineteen grams of cocaine. Two small plastic bags of cocaine

2

were found in an ashtray. The blue bag George Brooks had taken from the Cadillac was on a shelf. Inside the bag, the officers found over fifty grams of cocaine, a set of scales, and numerous small plastic bags. The room also contained $3400 in cash, and a loaded .357 magnum was in the top drawer of the night stand.

George Brooks testified that he lived in room 142 of the Suburban Lodge. He said that appellant and Martin had come to Houston from Tennessee to look for work, and that he had rented room 326 at the motel for appellant. Appellant checked out of his room on May 7 and had gone to room 142 to take a nap. George Brooks denied any knowledge of the cocaine in his room.

Appellant's first point of error is stated as a challenge to the factual sufficiency of the evidence, but his argument invokes both legal and factual sufficiency principles. In determining the legal sufficiency of the evidence to support a criminal conviction, the question is whether, after viewing all the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *Griffin v. State*, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981).

In order to prove unlawful possession of a controlled substance, the State must prove that the accused exercised care, control, and management of the substance, and that the accused knew the substance was contraband. *Martin v. State*, 753 S.W.2d 384, 387 (Tex. Crim. App. 1987); *Hackleman v. State*, 919 S.W.2d 440, 444 (Tex. App.—Austin 1996, pet. ref'd untimely filed). When the accused is not in exclusive control of the place the contraband is found,

3

the State must prove independent facts and circumstances affirmatively linking the accused to the contraband. *Cude v. State*, 716 S.W.2d 46, 47 (Tex. Crim. App. 1986). "Affirmative links" is a shorthand expression of what the State must prove to establish that the accused knowingly or intentionally possessed the contraband. *Brown v. State*, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995). The required affirmative links can be proven by direct or circumstantial evidence, but the links do not need to be so strong that they exclude every other outstanding reasonable hypothesis. *Id.* at 747-48. All that is required is that the accused's connection with the drug be more than fortuitous. *Id.* at 747.

A defendant's mere presence at a place where contraband is being used or possessed by others does not link him to the contraband. *Martin*, 753 S.W.2d at 387. While many factors have been identified by the courts as being relevant in determining whether a defendant is affirmatively linked to contraband, the number of factors present in any particular case is less important than the logical force the factors have, alone or in combination, in establishing the elements of the offense. *Whitworth v. State*, 808 S.W.2d 566, 569 (Tex. App.—Austin 1991, pet. ref'd).

Appellant's brother was a known cocaine dealer who was reported to be delivering cocaine to appellant. Appellant was in his brother's motel room where the cocaine was found, some of it in plain view. When Officer Smith identified himself, appellant immediately disclaimed any connection with the room, from which the jury could infer an awareness of the contraband. Appellant had been seen entering the room with his brother, who minutes later took into the room the blue bag in which over fifty grams of cocaine was found. Appellant was also

4

seen walking through the motel's parking lot and looking into the parked cars, as if worried about the possibility of police surveillance. Viewing this evidence in the light most favorable to the verdict, a rational trier of fact could find beyond a reasonable doubt that appellant exercised care, custody, or control over the cocaine knowing that it was contraband.

When conducting a factual sufficiency review, the evidence is not viewed in the light most favorable to the verdict. Instead, all the evidence is considered equally, including the testimony of defense witnesses and the existence of alternative hypotheses. *Orona v. State*, 836 S.W.2d 319, 321 (Tex. App.–Austin 1992, no pet.). A factual sufficiency review asks whether a neutral review of all the evidence, both for and against the finding of guilt, demonstrates that the proof of guilt is so obviously weak or so greatly outweighed by contrary proof as to undermine confidence in the jury's determination. *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). A verdict may be set aside for factual insufficiency only if a finding of guilt beyond a reasonable doubt is clearly wrong and unjust. *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996); *Stone v. State*, 823 S.W.2d 375, 381 (Tex. App.–Austin 1992, pet. ref'd untimely filed).

The evidence relevant to appellant's guilt was essentially uncontradicted. We are not free to reweigh the evidence and set aside a verdict for factual insufficiency merely because we feel that a different result is more reasonable. *Clewis*, 922 S.W.2d at 135. A decision is not manifestly unjust simply because the fact-finder resolved conflicting views of the evidence in the State's favor. *Roise v. State*, 7 S.W.3d 225, 233 (Tex. App.–Austin 1999, pet. ref'd). Viewing

5

the evidence neutrally, and giving due deference to the jury's verdict, the verdict is not manifestly unjust.  Point of error one is overruled.

In his remaining points of error, appellant contends he did not receive effective assistance of counsel at trial.  To prevail on this claim, appellant must show that counsel made such serious errors that he was not functioning effectively as counsel and that these errors prejudiced appellant's defense to such a degree that he was deprived of a fair trial.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 988 S.W.2d 770, 771-72 (Tex. Crim. App. 1999); *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986); *see also Moore v. State*, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985); *O'Hara v. State*, 837 S.W.2d 139, 143 (Tex. App.–Austin 1992, pet. ref'd).  In reviewing a claim of ineffective assistance, we must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance.  *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).

Appellant's original motion for new trial did not allege ineffective assistance as a ground.  Appellant's timely first amended motion for new trial made the conclusory allegation that counsel was ineffective, but the motion was not supported by affidavit and was therefore insufficient to entitle appellant to a hearing.  *Flores v. State*, 18 S.W.3d 796, 798 (Tex. App.–Austin 2000, no pet.).  Appellant filed a second amended motion for new trial, supported in part by affidavits, but the motion was filed more than thirty days after sentencing and was therefore untimely.  *Id*.  Nevertheless, the district court conducted a hearing at which evidence was received in the form of affidavits, including an affidavit from trial counsel offered by the State.  Because the court was without jurisdiction to consider the untimely second amended

6

motion, the hearing was a nullity. *See Drew v. State*, 743 S.W.2d 207, 223 (Tex. Crim. App. 1987).

Appellant's contention that trial counsel was ineffective is unsupported by the record in any case. Two of appellant's complaints concern jury selection. He contends counsel should have objected to statements by the prosecutor detailing certain rights enjoyed by the accused in a criminal prosecution, but he cites no pertinent authority to support his contention that the prosecutor's statements were improper. Appellant also contends that counsel should have peremptorily struck four panelists. The evaluation and selection of jurors, however, is precisely the sort of strategic matter that an appellate court is in no position to second-guess.

Appellant contends counsel should have subpoenaed and called six named persons as defensive witnesses. Affidavits from two of these persons were introduced in evidence; we agree with counsel's statement in his own affidavit that their testimony would have been of marginal value to appellant. There is no evidence as to the testimony that might have been adduced from the other persons appellant now urges should have been called by the defense.

Next, appellant contends that a sample of his blood taken following his arrest was negative for cocaine or other drugs, and that counsel was ineffective for failing to introduce this fact into evidence. In his affidavit, counsel stated that he was not told of the blood test by appellant. In any event, the alleged test result is not exculpatory or inconsistent with a finding of guilt, and therefore would have been of little value to the defense.

Appellant further contends that counsel "introduced harmful extraneous offenses in the guilt-innocence phase of trial." Counsel asked Officer Smith during cross-examination if

7

he had heard of appellant before May 7, 1999. The officer said he had. Counsel then asked "in what capacity" had he heard appellant's name. The officer replied that he "was given information regarding Leland Brooks's activity with his brother, George Brooks." This exchange did not elicit evidence of extraneous offenses or misconduct, and appellant does not argue that it did. Instead, he urges that it opened the door for the prosecutor to later ask the officer the nature of appellant's "activity with his brother," which proved to be transporting cocaine from Houston to Tennessee.

We must avoid the distortions of hindsight, and evaluate counsel's conduct from his perspective at the time of trial. *Ex parte Kunkle*, 852 S.W.2d 499, 505 (Tex. Crim. App. 1993). The record is silent as to why counsel asked the officer the questions that he did, or what he expected the answers to be. Assuming counsel was guilty of asking one question too many during cross-examination, his performance must be judged in its totality, rather than by isolating individual errors or omissions. *Oestrick v. State*, 939 S.W.2d 232, 237 (Tex. App.–Austin 1997, pet. ref'd).

Finally, appellant complains that counsel should have objected to the State's failure to prove that one of the previous convictions alleged for enhancement was final, and to evidence of extraneous offenses contained in the pen packs. There is no evidence that the previous conviction is not final, and appellant does not contend that it is not. *See Johnson v. State*, 784 S.W.2d 413, 414 (Tex. Crim. App. 1990) (finality presumed from silent record). Extraneous offenses, including unadjudicated offenses, are admissible at the punishment stage. Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a) (West Supp. 2000).

Appellant has not met his burden of proving that trial counsel's representation was ineffective. Points of error two through eight are overruled.

The judgment of conviction is affirmed.

_____

Jan Patterson, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Patterson

Affirmed

Filed:   November 30, 2000

Do Not Publish