TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00314-CR







Raymond Zapata Chapa, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 0993013, HONORABLE JON N. WISSER, JUDGE PRESIDING







A jury found appellant Raymond Zapata Chapa guilty of burglary of a habitation. 
See Tex. Penal Code Ann. § 30.02 (West Supp. 2001). The district court assessed punishment,
enhanced by previous felony convictions, at imprisonment for thirty-eight years. We affirm.

Appellant entered the complainant's house through a window he forced open after
removing the screen. He stole the complainant's purse containing cash and credit cards, which
were later used without the complainant's permission. Appellant's finger and palm prints were
found on the window frame and on the inside window sill.

Appellant first contends the district court should have granted a mistrial when a
police officer referred to appellant being on parole. The officer was describing how appellant was
located after his prints were identified. The prosecutor asked, "During your investigation, did
you determine an address for Mr. Zapata Chapa?" The officer answered, "I received information
from another officer that had spoken to his parole officer. And that information was --." 
Appellant objected to the reference to the parole officer, which violated a pretrial agreement not
to adduce evidence regarding appellant's criminal history at the guilt stage. The objection was
sustained and the court instructed the jury to disregard the officer's answer. Appellant's motion
for mistrial was overruled.

A mistrial is called for when there is error so prejudicial that continuation of the
trial would be futile. Ladd v. State, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). As a general
rule, testimony erroneously referring to or implying extraneous offenses can be rendered harmless
by an instruction to disregard. Kemp v. State, 846 S.W.2d 289, 308 (Tex. Crim. App. 1992). 
An instruction will be insufficient only if the evidence was so clearly calculated to inflame the
minds of the jury or is of such damning character as to suggest the impossibility of removing the
harmful impression from the jurors' minds. Id. The denial of a mistrial motion is reviewed for
an abuse of discretion. Ladd, 3 S.W.3d at 567.

Appellant relies on the opinion in Williams v. State, 643 S.W.2d 136, 138 (Tex.
Crim. App. 1983). In that case, the court of criminal appeals held that a witness's unsolicited
reference to the defendant having been in the penitentiary was not cured by an instruction to
disregard, citing the irrelevance of that fact to the case and the defendant's failure to testify. Id.
at 138. (1) Any suggestion in Williams that a reference to a defendant's previous conviction or
incarceration is inherently incurable is belied by subsequent opinions. See Kemp, 846 S.W.2d at
308 (police officer's unsolicited statement that defendant "had recently been released from the
penitentiary" cured by instruction to disregard); Nobles v. State, 843 S.W.2d 503, 513-14 (Tex.
Crim. App. 1992) (unsolicited statement that defendant "didn't want to go back to prison" cured
by instruction); Tennard v. State, 802 S.W.2d 678, 685 (Tex. Crim. App. 1990) (witness's
unsolicited statement that he had been "running with" defendant since defendant "first got out of
the penitentiary" cured by instruction).

We believe that the officer's unnecessary reference to appellant's parole officer was
not so extraordinarily improper or prejudicial as to be incapable of being cured by the court's
prompt instruction to disregard. Moreover, any residual prejudice that might have lingered after
the court's instruction was harmless under the circumstances. See Tex. R. App. P. 44.2(b). The
only issue at the guilt stage of trial was appellant's identity as the burglar. His finger and palm
prints were found at the point of entry, and their presence could only be explained by appellant
being the burglar. Under the circumstances, the reference to appellant's parole officer did not
affect his substantial rights. Point of error one is overruled.

Appellant's second point of error is that the appellate record fails to reflect that the
previous felony convictions proved for enhancement of punishment were committed in sequence,
that is, that the more recent convictions were for offenses committed after the earlier conviction
became final. See Tex. Penal Code Ann. § 12.42(d) (West Supp. 2001). At the time appellant's
brief was filed, the record did not contain copies of the penitentiary packets introduced in evidence
at the punishment stage. The record has since been supplemented with these exhibits. They
reflect that appellant was convicted in Florida in September 1989 for felony theft of a motor
vehicle. They further reflect that appellant was convicted in Texas in April 1993 for burglaries
of a vehicle, a building, and a habitation committed in October and December 1992. There is
nothing to indicate that the Florida conviction was not final when the Texas offenses were
committed. See Johnson v. State, 784 S.W.2d 413, 414 (Tex. Crim. App. 1990). The necessary
sequence was proved. Point of error two is overruled.

The judgment of conviction is affirmed.



 __________________________________________

 David Puryear, Justice

Before Justices Kidd, B. A. Smith and Puryear

Affirmed

Filed: March 29, 2001

Do Not Publish
1. The court nevertheless affirmed the conviction, holding the error harmless. Williams v.
State, 643 S.W.2d 136, 138 (Tex. Crim. App. 1983).



 after his prints were identified. The prosecutor asked, "During your investigation, did
you determine an address for Mr. Zapata Chapa?" The officer answered, "I received information
from another officer that had spoken to his parole officer. And that information was --." 
Appellant objected to the reference to the parole officer, which violated a pretrial agreement not
to adduce evidence regarding appellant's criminal history at the guilt stage. The objection was
sustained and the court instructed the jury to disregard the officer's answer. Appellant's motion
for mistrial was overruled.

A mistrial is called for when there is error so prejudicial that continuation of the
trial would be futile. Ladd v. State, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). As a general
rule, testimony erroneously referring to or implying extraneous offenses can be rendered harmless
by an instruction to disregard. Kemp v. State, 846 S.W.2d 289, 308 (Tex. Crim. App. 1992). 
An instruction will be insufficient only if the evidence was so clearly calculated to inflame the
minds of the jury or is of such damning character as to suggest the impossibility of removing the
harmful impression from the jurors' minds. Id. The denial of a mistrial motion is reviewed for
an abuse of discretion. Ladd, 3 S.W.3d at 567.

Appellant relies on the opinion in Williams v. State, 643 S.W.2d 136, 138 (Tex.
Crim. App. 1983). In that case, the court of criminal appeals held that a witness's unsolicited
reference to the defendant having been in the penitentiary was not cured by an instruction to
disregard, citing the irrelevance of that fact to the case and the defendant's failure to testify. Id.
at 138. (1) Any suggestion in Williams that a reference to a defendant's previous conviction or
incarceration is inherently incurable is belied by subsequent opinions. See Kemp, 846 S.W.2d at
308 (police officer's unsolicited statement that defendant "had recently been released from the
penitentiary" cured by instruction to disregard); Nobles v. State, 843 S.W.2d 503, 513-14 (Tex.
Crim. App. 1992) (unsolicited statement that defendant "didn't want to go back to prison" cured
by instruction); Tennard v. State, 802 S.W.2d 678, 685 (Tex. Crim. App. 1990) (witness's
unsolicited statement that he had been "running with" defendant since defendant "first got out of
the penitentiary" cured by instruction).

We believe that the officer's unnecessary reference to appellant's parole officer was
not so extraordinarily improper or prejudicial as to be incapable of being cured by the court's
prompt instruction to disregard. Moreover, any residual prejudice that might have lingered after
the court's instruction was harmless under the circumstances. See Tex. R. App. P. 44.2(b). The
only issue at the guilt stage of trial was appellant's identity as the burglar. His finger and palm
prints were found at the point of entry, and their presence could only be explained by appellant
being the burglar. Under the circumstances, the reference to appellant's parole officer did not
affect his substantial rights. Point of error one is overruled.

Appellant's second point of error is that the appellate record fails to reflect that the
previous felony convictions proved for enhancement of punishment were committed in sequence,
that is, that the more recent convictions were for offenses committed after the earlier conviction
became final. See Tex. Penal Code Ann. § 12.42(d) (West Supp. 2001). At the time appellant's
brief was filed, the record did not contain copies of the penitentiary packets introduced in evidence
at the punishment stage. The record has since been supplemented with these exhibits. They
reflect that appellant was convicted in Florida in September 1989 for felony theft of a motor
vehicle. They further reflect that appellant was convicted in Texas in April 1993 for burglaries
of a vehicle, a building, and a habitation committed in October and December 1992. There is
nothing to indicate that the Florida conviction was not final when the Texas offenses were
committed. See Johnson v. State, 784 S.W.2d 413, 414 (Tex. Crim. App. 1990). The necessary
sequence was proved. Point of error two is overruled.

The judgment of conviction is affirmed.



 __________________________________________

 David Puryear, Justice

Before Justices Kidd, B. A. Smith and Puryear

Affirmed

Filed: March 29, 2001

Do Not Publish
1. The court nevertheless affirmed the conviction, holding the error harmless. Williams v.
State, 643 S.W.2d 136, 138 (Tex. Crim. App. 1983).



 after his prints were identified. The prosecutor asked, "During your investigation, did
you determine an address for Mr. Zapata Chapa?" The officer answered, "I received information
from another officer that had spoken to his parole officer. And that information was --." 
Appellant objected to the reference to the parole officer, which violated a pretrial agreement not
to adduce evidence regarding appellant's criminal history at the guilt stage. The objection was
sustained and the court instructed the jury to disregard the officer's answer. Appellant's motion
for mistrial was overruled.

A mistrial is called for when there is error so prejudicial that continuation of the
trial would be futile. Ladd v. State, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). As a general
rule, testimony erroneously referring to or implying extraneous offenses can be rendered harmless
by an instruction to disregard. Kemp v. State, 846 S.W.2d 289, 308 (Tex. Crim. App. 1992). 
An instruction will be insufficient only if the evidence was so clearly calculated to inflame the
minds of the jury or is of such damning character as to suggest the impossibility of removing the
harmful impression from the jurors' minds. Id. The denial of a mistrial motion is reviewed for
an abuse of discretion. Ladd, 3 S.W.3d at 567.

Appellant relies on the opinion in Williams v. State, 643 S.W.2d 136, 138 (Tex.
Crim. App. 1983). In that case, the court of criminal appeals held that a witness's unsolicited
reference to the defendant having been in the penitentiary was not cured by an instruction to
disregard, citing the irrelevance of that fact to the case and the defendant's failure to testify. Id.
at 138. (1) Any suggestion in Williams that a reference to a defendant's previous conviction or
incarceration is inherently incurable is belied by subsequent opinions. See Kemp, 846 S.W.2d at
308 (police officer's unsolicited statement that defendant "had recently been released from the
penitentiary" cured by instruction to disregard); Nobles v. State, 843 S.W.2d 503, 513-14 (Tex.
Crim. App. 1992) (unsolicited statement that defendant "didn't want to go back to prison" cured
by instruction); Tennard v. State, 802 S.W.2d 678, 685 (Tex. Crim. App. 1990) (witness's
unsolicited statement that he had been "running with" defendant since defendant "first got out of
the penitentiary" cured by instruction).

We believe that the officer's unnecessary reference to appellant's parole officer was
not so extraordinarily improper or prejudicial as to be incapable of being cured by the court's
prompt instruction to disregard. Moreover, any residual prejudice that might have lingered