# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00314-CR

**Raymond Zapata Chapa, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
### NO. 0993013, HONORABLE JON N. WISSER, JUDGE PRESIDING

A jury found appellant Raymond Zapata Chapa guilty of burglary of a habitation. *See* Tex. Penal Code Ann. § 30.02 (West Supp. 2001). The district court assessed punishment, enhanced by previous felony convictions, at imprisonment for thirty-eight years. We affirm.

Appellant entered the complainant's house through a window he forced open after removing the screen. He stole the complainant's purse containing cash and credit cards, which were later used without the complainant's permission. Appellant's finger and palm prints were found on the window frame and on the inside window sill.

Appellant first contends the district court should have granted a mistrial when a police officer referred to appellant being on parole. The officer was describing how appellant was located after his prints were identified. The prosecutor asked, "During your investigation, did you determine an address for Mr. Zapata Chapa?" The officer answered, "I received information

from another officer that had spoken to his parole officer. And that information was --." Appellant objected to the reference to the parole officer, which violated a pretrial agreement not to adduce evidence regarding appellant's criminal history at the guilt stage. The objection was sustained and the court instructed the jury to disregard the officer's answer. Appellant's motion for mistrial was overruled.

A mistrial is called for when there is error so prejudicial that continuation of the trial would be futile. *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). As a general rule, testimony erroneously referring to or implying extraneous offenses can be rendered harmless by an instruction to disregard. *Kemp v. State*, 846 S.W.2d 289, 308 (Tex. Crim. App. 1992). An instruction will be insufficient only if the evidence was so clearly calculated to inflame the minds of the jury or is of such damning character as to suggest the impossibility of removing the harmful impression from the jurors' minds. *Id*. The denial of a mistrial motion is reviewed for an abuse of discretion. *Ladd*, 3 S.W.3d at 567.

Appellant relies on the opinion in *Williams v. State*, 643 S.W.2d 136, 138 (Tex. Crim. App. 1983). In that case, the court of criminal appeals held that a witness's unsolicited reference to the defendant having been in the penitentiary was not cured by an instruction to disregard, citing the irrelevance of that fact to the case and the defendant's failure to testify. *Id*. at 138.[1] Any suggestion in *Williams* that a reference to a defendant's previous conviction or incarceration is inherently incurable is belied by subsequent opinions. *See Kemp*, 846 S.W.2d at

---

[1] The court nevertheless affirmed the conviction, holding the error harmless. *Williams v. State*, 643 S.W.2d 136, 138 (Tex. Crim. App. 1983).

2

308 (police officer's unsolicited statement that defendant "had recently been released from the penitentiary" cured by instruction to disregard); *Nobles v. State*, 843 S.W.2d 503, 513-14 (Tex. Crim. App. 1992) (unsolicited statement that defendant "didn't want to go back to prison" cured by instruction); *Tennard v. State*, 802 S.W.2d 678, 685 (Tex. Crim. App. 1990) (witness's unsolicited statement that he had been "running with" defendant since defendant "first got out of the penitentiary" cured by instruction).

We believe that the officer's unnecessary reference to appellant's parole officer was not so extraordinarily improper or prejudicial as to be incapable of being cured by the court's prompt instruction to disregard. Moreover, any residual prejudice that might have lingered after the court's instruction was harmless under the circumstances. *See* Tex. R. App. P. 44.2(b). The only issue at the guilt stage of trial was appellant's identity as the burglar. His finger and palm prints were found at the point of entry, and their presence could only be explained by appellant being the burglar. Under the circumstances, the reference to appellant's parole officer did not affect his substantial rights. Point of error one is overruled.

Appellant's second point of error is that the appellate record fails to reflect that the previous felony convictions proved for enhancement of punishment were committed in sequence, that is, that the more recent convictions were for offenses committed after the earlier conviction became final. *See* Tex. Penal Code Ann. § 12.42(d) (West Supp. 2001). At the time appellant's brief was filed, the record did not contain copies of the penitentiary packets introduced in evidence at the punishment stage. The record has since been supplemented with these exhibits. They reflect that appellant was convicted in Florida in September 1989 for felony theft of a motor

vehicle. They further reflect that appellant was convicted in Texas in April 1993 for burglaries of a vehicle, a building, and a habitation committed in October and December 1992. There is nothing to indicate that the Florida conviction was not final when the Texas offenses were committed. *See Johnson v. State*, 784 S.W.2d 413, 414 (Tex. Crim. App. 1990). The necessary sequence was proved. Point of error two is overruled.

The judgment of conviction is affirmed.

_____

David Puryear, Justice

Before Justices Kidd, B. A. Smith and Puryear

Affirmed

Filed:   March 29, 2001

Do Not Publish