ACCEPTED
03-15-00043-CR
4802624
THIRD COURT OF APPEALS
AUSTIN, TEXAS
4/8/2015 10:17:15 AM
JEFFREY D. KYLE
CLERK

No. 03-15-0043-CR

**IN THE COURT OF APPEALS**

**FOR THE THIRD SUPREME JUDICIAL DISTRICT**

**OF TEXAS**

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
4/8/2015 10:17:15 AM
JEFFREY D. KYLE
Clerk

---

KODY BROXTON, Appellant

VS.

THE STATE OF TEXAS, Appellee

---

From the 264th District Court of
Bell County, Texas,
the Honorable Judge Martha J. Trudo, presiding

**<u>APPELLANT'S BRIEF</u>**

Ken Mahaffey
Counsel for Appellant
P. O. Box 684585
Austin, Texas 78768
Phone & Fax (512) 444-6557
St. Bar No. 12830050
*Ken_Mahaffey@yahoo.com*

ORAL ARGUMENT REQUESTED ONLY IF STATE REQUESTS ARGUMENT

# TABLE OF CONTENTS

IDENTITY OF JUDGE, PARTIES AND COUNSEL. . . . . . . . . . . . . . . . . . . . . . . ii

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT OF PROCEDURAL HISTORY. . . . . . . . . . . . . . . . . . . . . . . . . . v

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

SUMMARY OF ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . x

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**QUESTION FOR REVIEW**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Does a trial court abuse its discretion when it orders restitution when
both the victim and the State's attorney waive that restitution and ask the
court to only impose incarceration?

I. Introduction... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
II. The Statute... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
III. Standard of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
IV. Issue is One of First Impression.. . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
V. Principal Purpose of Restitution is to Compensate Victim.. . . . . . . . . . 4
VI. Possibly Contrary Authority Distinguished. . . . . . . . . . . . . . . . . . . . . 6
VII. Remedy is to Delete the Order.. . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
VIII. Conclusion... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

PRAYER FOR RELIEF. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

i

## IDENTITY OF JUDGE, PARTIES AND COUNSEL

The following is a list of all parties to the trial court's final judgment and their counsel in the trial court:

| | |
|---|---|
| 1. Trial Judge: | Martha J. Trudo<br>264th District Court<br>P.O. Box 324<br>Belton, Texas  76513 |
| 2. Appellant: | Kody Broxton<br>Bartlett State Jail<br>01972710<br>1018 Arnold Drive<br>Bartlett TX 76511 |
| 3. Defense Counsel: | Michael White<br>Attorney at Law<br>100 Kasber Dr<br>Temple TX 76502 |
| 4. The State of Texas: | Fred Burns<br>Bell Co. D. A.'s Office<br>P.O. Box 540<br>Belton, Texas  76513 |

# INDEX OF AUTHORITIES

STATE CASES:

*Lemos v. State*, 27 S.W.3d 42 (Tex. App. - San Antonio 2000, no pet.). . . . 3

*Allen v. State*, 720 S.W.2d 618 (Tex. App. -
      Houston [1st Dist.] 1986, pet. ref'd).. . . . . . . . . . . . . . . . . . . . . . . . . 4

*Barton v. State*, 21 S.W.3d 287 (Tex. Crim. App. 2000). . . . . . . . . . . . . . . 8

*Bayonne v. State*, 12-10-282-CR (Tex. App. -
      Tyler 2011, no pet.).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Brooks v. State*, 957 S.W.2d 30 (Tex. Crim. App. 1997). . . . . . . . . . . . . . . 5

*Commission for Lawyer Discipline*, 310 SW 3d 598
      (Tex. App.  - Dallas 2010, no writ).  . . . . . . . . . . . . . . . . . . . . . . . . 7

*Drilling v. State*, 134 S.W.3d 468 (Tex. Crim. App. 2004). . . . . . . . . . . . . 3

*Hanna v. State*, 426 S.W.3d 87 (Tex. Crim. App. 2014). . . . . . . . . . . . . . . 4

*In the matter of M. H.*, 662 S.W.2d 764 (Tex. App. -
      Corpus Christi, 1983, no writ.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Johnson v. State*, 784 S.W.2d 413 (Tex. Crim. App. 1990). . . . . . . . . . . . . 6

*Martin v. State*, 874 S.W.2d 674 (Tex. Crim. App. 1994). . . . . . . . . . . . . . 4

*Montgomery v. State* , 810 S.W.2d 372 (Tex. Crim. App. 1990).. . . . . . . . . 3

STATUTES:

Art. 42.037, Tex. Code Crim. Proc. (2013). . . . . . . . . . . . . . . . . . . . . . 2, 6, 7

Sec. 12.35 (a) & (b), Tex. Penal Code Ann. (2013). . . . . . . . . . . . . . . . . . 5

Sec. 31.03 (e)(4), Tex. Penal Code Ann. (2013). . . . . . . . . . . . . . . . . . . . 5


RULES:

Rule 1.06Y, Tex. R. Disciplinary Conduct (2010). . . . . . . . . . . . . . . . . . . 7

Rule 3.03, Texas Rules of Prof. Conduct, Vol 3A,
    Tex. Gov't Code Ann. (2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Rule 43.2 (c), Tex. R. App. Proc. (West 2015) . . . . . . . . . . . . . . . . . . . 2, 8

## STATEMENT OF PROCEDURAL HISTORY

Kody Broxton was indicted for theft of property more than $1500 but less than $20,000. (CR 4). The offense was alleged to have been committed on September 8, 2013 in Bell County, Texas. (CR 4). Appellant waived a jury and entered a plea of guilty. (RR2 7). After a sentencing hearing before a judge, appellant was convicted and sentenced to two years state jail, concurrently. (RR3 65; CR 54). On November 21, 2014, appellant perfected an appeal to this Court. (CR 29).

Appellant was convicted in the same proceeding of four total thefts from the same company charged in separate indictments. Trial counsel filed notices of appeal in all four cases. Appellate counsel reviewed the reporter's and clerk's record in all cases and determined the only arguable issue was a challenge to the restitution order. This cause, 03-15-0043-CR, is the only conviction where a restitution order was placed in the judgment. In the other causes, 03-15-0040-CR, 03-15-0041-CR and 03-15-0042-CR, counsel has filed motions to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967).

**STATEMENT OF FACTS**

**I. Overview**.

Appellant entered a plea of guilty to four indictments for theft. (RR2 6 - 7). The only recommendation from the State in exchange for that plea was that all sentences run concurrently. (RR2 7). The trial court heard evidence and sentenced him to two years in all four cases running concurrently. (RR3 65). Notices of appeal were filed in each case. The only cognizable issue in any of these cases concerns restitution ordered in cause number 71838, now bearing appellate cause number 03-15-0043-CR, in which this brief is filed. As stated in the procedural history, separate briefs were filed in the other three causes pursuant to *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967).

**II. Facts of Offense**.

For several months, Delta Centrifugal, a metal and machine shop in Bell County, Texas, had been experiencing thefts of bulk metal from its storage yard. (RR3 6 - 7). A hole had been cut in the fence surrounding the yard. (RR3 8). Just before midnight on September 7, 3013, a manager for Delta Centrifugal, Kevin Canfield, decided to make a security check of the yard. (RR3 8).

Canfield apprehended Appellant and two co-defendants taking metal from the

yard. (RR3 8). It appears appellant had once briefly worked for the company some two years before the offense. (RR3 16, 27). Delta Centrifugal recovered stolen materials from appellant's truck. (RR3 10 - 11). Appellant took responsibility for this theft and also confessed to three other thefts from Delta Centrifugal on dates prior to the date he was arrested. (RR3 28).

### III. Restitution Amount.

Canfield testified Delta Centrifugal had lost $64,000 dollars worth of materials over a several month period. (RR3 16). He was unable to attribute a specific amount to any date other than the date appellant was arrested. (RR3 16, 18). The company did recover $7000 dollars worth of materials from appellant's truck. (RR3 10 - 11). Canfield agreed he could not say appellant was responsible for the other losses included in the $64,000 dollars. (RR3 17). He also agreed it would be unfair to require appellant to make restitution for any materials he did personally take. (RR3 17).

Delta Centrifugal's president Robert Rose also testified. (RR3 21). Rose did not give any figure concerning the lost materials.  He stated insurance did not cover the loss. (RR3 25 - 26).

Appellant testified that he believed he had taken materials worth from $15,000

to $20,000 dollars. (RR3 30 - 31). He also stated that "I'd say about 15 to 20 is what we got from scrap, so possibly actual value maybe at the most 40, total. And that's doubling." (RR3 31). The trial court also asked him directly, "So you're thinking at least that you stole at least $40,000 from them, you want to pay it back." (RR3 43). To which appellant responded, "Yes, ma'am." (RR3 43). The trial court ordered restitution of $30,000. (RR3 65); (CR 54). Given his admission of this amount, appellant does not have grounds to challenge the amount of restitution.

**IV. The Victim and State Expressly Waived Any Claims for Restitution**.

What is significant for this appeal is that neither the manager Kevin Canfield nor the owner Robert Rose requested restitution. Canfield testified as follows:

> Q: [Defense Counsel]: You're not asking the Court to order restitution for things that Kody Broxton is not responsible for?
>
> A: I don't believe we're asking the Court for restitution. We're asking for punishment and jail time.
>
> Q: So you're not asking the Court to order Kody Broxton to pay back $64,000, $65,000 worth of materials?
>
> A: No.

(RR3 19). Robert Rose also testified he wanted jail time to send a message to others and did not request restitution because he did not think appellant could pay it back. (RR3 22, 25).

Moreover, the State opposed probation and requested punishment by jail time instead of restitution. Specifically, the prosecutor stated to the court as follows:

> <u>Mr. Burns</u>: You know, if you notice while they've been accused of huffing the numbers and exaggerating the amount of dollars lost of the theft, no one from Delta Centrifugal is asking you to have him pay them back. What they'd rather do is have a strong message to Kody Broxton and to the community that you simply can't steal from an employer like this . . . So Your Honor, in this situation I think this is a situation that the defendant should pay for what he did *but not with restitution.* He could pay for it with his freedom for the two years in the state jail . . .

(RR3 54 - 55)((emphasis added). The trial court duly imposed the jail time but also ordered restitution anyway. The issue in this case is whether when both the victim and the State expressly waive the opportunity for restitution, does a trial court abuse its discretion when it orders restitution *sua sponte*.

# SUMMARY OF ARGUMENT

The trial court ordered restitution even though both the victim and the State specifically stated they were not requesting it. The statute authorizing restitution does address whether restitution can be ordered when expressly waived. What little authority that does exist on this issue makes it clear the State can waive any such request. General authority concerning the nature of restitution as a punishment option emphases the goal of compensating the victim. Appellant argues it was an abuse of discretion to order restitution when both interested parties, the complainant and the prosecution, unequivocally request incarceration instead of restitution. Appellant was sentenced to the maximum term of confinement authorized by law.

**IN THE COURT OF APPEALS**

**FOR THE THIRD SUPREME JUDICIAL DISTRICT**

**OF TEXAS**

———

KODY BROXTON, Appellant

VS.

THE STATE OF TEXAS, Appellee

———

**APPELLANT'S BRIEF**

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

COMES NOW Kody Broxton, Appellant, through counsel, Ken Mahaffey, and respectfully submits this Brief.

**STATEMENT OF THE CASE**

This is an appeal from an un-negotiated guilty plea where the only issue is whether restitution should have been ordered when waived by the victim and the State. Appellant now respectfully tenders this brief on appeal.

1

**QUESTION FOR REVIEW:**

Does a trial court abuse its discretion when it orders restitution when both the victim and the State's attorney waive that restitution and ask the court to only impose incarceration?

## ARGUMENT AND AUTHORITIES

**I. Introduction**.

Both the victim and the State requested jail time rather than restitution. There is little or no law concerning the trial court's discretion to impose restitution absent a request. The statute granting the power to order restitution does not address this issue. Appellant will argue that this Court should delete the restitution order pursuant to the Court's power to modify judgments under Rule 43.2 (c), Tex. R. App. Proc. (West 2015).

**II. The Statute.**

The controlling statute concerning restitution is Art. 42.037, Tex. Code Crim. Proc. (2013). The statute provides, in relevant part as follows:

(a) In addition to any fine authorized by law, the court that sentences a defendant convicted of an offense may order the defendant to make restitution to any victim of the offense or to the compensation to victims of crime fund established under Subchapter B, Chapter 56, to the extent that fund has paid compensation to or on behalf of the victim. If the court does not order restitution or orders partial restitution under this subsection, the court shall state on the record the reasons for not making

2

the order or for the limited order.

This statute does not expressly address whether restitution can be ordered absent a request from the victim or the State's attorney.

## III. Standard of Review.

The standard of review concerning restitution orders is whether the order was an abuse of discretion. *Lemos v. State*, 27 S.W.3d 42 (Tex. App. - San Antonio 2000, no pet.). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner. *Montgomery v. State* , 810 S.W.2d 372, 380 (Tex. Crim. App. 1990). It is also important to note that, because probation was denied, this matter must be reviewed independently of any restitution provisions in Art. 42.12, Tex. Code Crim. Proc. (2015)(governing grants of community supervision).

## IV. Issue is One of First Impression.

The issue of whether restitution can be ordered where both the victim and State's attorney waived it by specifically requesting jail time instead of such compensation does not appear to have been litigated under the controlling statute. Most restitution orders in criminal cases have been reviewed to determine whether the amount was properly proved or whether ordered paid to an authorized party. *See e.g., Drilling v. State*, 134 S.W.3d 468, 470 (Tex. Crim. App. 2004)(remanding

because no evidence of fair market value); *Martin v. State*, 874 S.W.2d 674, 677-78 (Tex. Crim. App. 1994)(cannot order restitution to persons other than the victims of the offense for which the defendant was convicted).

Some decisions, however, implicitly recognized that restitution could be waived by the State. *See Allen v. State*, 720 S.W.2d 618, 618 (Tex. App. - Houston [1st Dist.] 1986, pet. ref'd)(State withdrew request for restitution); *Bayonne v. State*, 12-10-282-CR (Tex. App. - Tyler 2011, no pet.) (restitution order deleted at request of State); *Norman v. State*, 04-04-00292-CR (Tex. App. - San Antonio 2007, no pet.) (initially remanded for hearing on restitution amount but noting State waived restitution at the hearing). These opinions recognize the State has the power to waive any claim for restitution.

**V. Principal Purpose of Restitution is to Compensate Victim.**

In a recent case challenging restitution in a DWI case where no victim was alleged, the Court of Criminal Appeals discussed the nature of the remedy. *See Hanna v. State*, 426 S.W.3d 87 (Tex. Crim. App. 2014). In *Hanna*, the Court observed as follows:

> Restitution is not only a form of punishment, it is also a crime victim's statutory right. Restitution serves multiple purposes, including restoring the victim to the status quo and forcing an offender to address and remedy the specific harm that he has caused.

4

A broad interpretation of the restitution statutes provides judges with greater discretion in effectuating opportunities for rehabilitating criminals, deterring future harms, and efficiently compensating victims.

*Id.* at 91 (citations omitted). This language suggests that a trial court has discretion to impose restitution as a type of punishment but places great emphasis on compensation of the victim as its principal purpose. Nothing in this broad statement, however, addressed whether restitution may be imposed when waived by the victim and the State.

Moreover, even if restitution is a form of punishment, it is not part of the statutory range of punishment for the penal offense that appellant was convicted. Appellant was charged under Sec. 31.03 (e)(4), Tex. Penal Code Ann. (2013). This provision makes theft of $1,500.00 to $20,000.00 a state jail felony. *Id.* Under Sec. 12.35 (a) & (b), Tex. Penal Code Ann. (2013), the range of punishment for state jail felonies is from 180 days to two years in the state jail and a fine up to $10,000. Since it is not stated as part of the punishment, restitution is a qualitatively different type remedy that logically should be requested in some form before it is imposed. A pleading or some sort of request has been required for other forms of punishment outside of the normal range of punishment. *See e.g., Brooks v. State*, 957 S.W.2d 30, 34 (Tex. Crim. App. 1997)(improper to enhance punishment with prior conviction

5

where no pleading alleged it); *Johnson v. State*, 784 S.W.2d 413, 415 (Tex. Crim. App. 1990)(deadly weapon finding deleted because no allegation made in the indictment).

## VI. Possibly Contrary Authority Distinguished.

Candor with the Court is always important. Counsel owes a duty to disclose contrary authority. Rule 3.03, Texas Rules of Prof. Conduct, Vol 3A, Tex. Gov't Code Ann. (2015). The issue here is whether the trial court may impose restitution under Art. 42.037, Tex. Code Crim. Proc. (2013), even when it is expressly waived. This question has been addressed under somewhat similar statutes. Appellant will discuss those decisions.

In one case, this issue was raised in a juvenile prosecution. *See In the matter of M. H.*, 662 S.W.2d 764 (Tex. App. - Corpus Christi, 1983, no writ.). In that case, the appellant challenged revocation of probation for failing to comply with a restitution order because the State's pleadings failed to request it. *Id*. at 766. The argument relied on the Rule 301, Tex. R. Civ. Proc. (1983), that a judgment may not order relief unsupported by a proper pleading. *Id*. The reviewing court upheld the restitution order based on Sec. 54.05(d)(1)(D), Texas Family Code (1983). Under that provision, restitution is proper if a finding is made under Sec. 54.05(c), *supra*, "that

6

the protection of the public and the child requires disposition." *M.H., supra at* 766.

Appellant submits *M.H., supra*, is distinguishable for three reasons. First it involved a different statute and Art. 42.037, Tex. Code Crim. Proc. (2013), does not require the type of affirmative finding that supported the order in that case. Second, the focus was on the pleading for restitution rather than the unequivocal waiver of restitution as occurred in this case. *M.H, supra* at 766. Third, the case involved restitution as a condition of probation not as a judgment imposing it as part of an executed sentence of incarceration. *Id*.

Another similar case which challenged restitution on the same basis; *i.e.,* the failure to request it by proper pleading. In *James v. Commission for Lawyer Discipline*, 310 SW 3d 598 (Tex. App. - Dallas 2010, no writ). Like *M.H., supra*, the appellant challenged a restitution award because there was no pleading requesting it. *James*, *supra* at 609. The reviewing court held the pleadings alleging attorney misconduct and requesting "sanctions" under Rule 1.06Y, Tex. R. Disciplinary Conduct (2010), authorized the trial court order because the term sanction is defined to include restitution. *Id*. at 610. Again, the is case is distinguishable because there was a specific request for restitution in the pleadings and the controlling statute clearly authorized it. Moreover, *James*, *supra* and did not address the proper course of action when both the victim and counsel for the petitioner expressly state they are

7

not requesting restitution.

In the case at bar, no statute specifically permits imposition of restitution when there was no request for it, nor allows it when affirmatively waived. The restitution was not imposed as a condition of community supervision but rather on top of what the State and victim specifically requested be imposed instead, i.e.: incarceration. Appellants are always subject to systemic waiver rules and there appears to be no reason why this should not apply to other interested parties.

## VII. Remedy is to Delete the Order.

There are two types of remedies for trial court errors concerning restitution. The appellate court may either remand for a new hearing or reform the judgment to delete the restitution order. *Barton v. State*, 21 S.W.3d 287, 289 (Tex. Crim. App. 2000). Here, the error asserted is an abuse of discretion in ordering restitution that was expressly waived by both the victim and the State's attorney. The record clearly establishes both facts. (RR3 19, 22, 25, 54 - 55). In this case, a remand for a new hearing would not add anything new to the record. This Court should exercise its jurisdiction under Rule 43.2 (c), Tex. R. App. Proc. (West 2015) (court of appeals may "reverse the trial court's judgment in whole or in part and render the judgment the trial court should have rendered."). The proper remedy is to reform the judgment

8

deleting the order concerning restitution.

## VIII. Conclusion.

Both the victim and the State's attorney specifically stated they were not requesting restitution. Restitution can be an aspect of punishment but its primary purpose is to serve the victim. The statutory authority for ordering restitution does not expressly grant a trial court the power to order restitution when it is affirmatively waived. While this issue had not be addressed directly, such authority that does exist clearly shows the State may waive any restitution. The trial court abused its discretion by ignoring that waiver. This Court should delete the restitution order.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Appellant respectfully prays that the judgment of conviction be reversed and the matter be remanded to the trial court for a new trial.

Respectfully Submitted,

Ken Mahaffey
Counsel for Appellant
P.O. Box 684585
Austin, Texas 78768
Phone & Fax (512) 444-6557
St. Bar. No. 12830050
*Ken_Mahaffey@yahoo.com*

## CERTIFICATE OF SERVICE

The above signature certifies that on April 3, 2015, this document was sent to the Bell County D.A.'s Office, P.O. Box 540, Belton, Texas 76513 and to Kody Broxton, 01972710, 1018 Arnold Drive, Bartlett State Jail, Bartlett TX 76511. The above signature also certifies that this document contains 3508 words in compliance with Rule 9.4, Tex. R. App. Proc. (2015)(not to exceed 15,000 words).